**COMMUNITY HEALTH SERVICES OF CRAWFORD COUNTY, INC., a non-profit corporation, Ada Werner, an individual, Frank E. Werner, an individual, and Shirley Sorger, an individual**

v.

**Joseph A. CALIFANO, Jr., Secretary of the Department of Health, Education and Welfare, and the Travelers Insurance Companies, a corporation.**

**COMMUNITY HEALTH SERVICES OF CRAWFORD COUNTY, INC., a non-profit corporation**

v.

**Patricia Roberts HARRIS, Secretary of the Department of Health, Education and Welfare, and the Travelers Insurance Companies, a corporation.**

**Civ. A. Nos. 78–74 ERIE, 80–56 ERIE.**

United States District Court,
W.D. Pennsylvania.

June 7, 1983.

See also, 3d Cir., 698 F.2d 615.

Rose, Schmidt, Dixon & Hasley, Brian W. Ashbaugh, Pittsburgh, Pa., for plaintiffs.

J. Alan Johnson, U.S. Atty., Joel B. Strauss and Donald E. Lewis, Asst. U.S. Attys., Pittsburgh, Pa., for defendants.

## OPINION

WEBER, District Judge.

 The plaintiffs, who prevailed in this action before the Court of Appeals, seek attorneys' fees and expenses under the Equal Access to Justice Act. The government does not contest that plaintiffs were the prevailing parties, nor contest the reasonableness of the fees and expenses requested. Its sole base of opposition is that its position was substantially justified within the terms of the statute. We believe that the burden of proving substantial justification rests on the government.

The government argues that substantial justification is founded on the fact that it prevailed before the Provider Reimbursement Review Board and that it also prevailed before the District Court, and that one of the three members of the panel on the Court of Appeals dissented from the finding of the Court. It argues that the question of its being substantially justified is a question of reasonableness, and this "should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case." *Broad Avenue Laundry and Tailoring v. United States*, 693 F.2d 1387, 1391 (Fed.Cir.1982).

In this Circuit, the rule has been established that the "position" of the government includes the agency action which made it necessary for the party to file the suit, and is not limited to the government position in the litigation phase. *Natural Resources Defense Council v. United States Environmental Protection Agency*, 703 F.2d 700 (3d Cir.1983). It appears to us in the present case that the government is relying entirely on its litigating position in opposing the payment of attorneys' fees.

But the holding of the Court of Appeals in this case, by which the plaintiff finally prevailed, was that the government is estopped because of the affirmative misconduct of its agent (698 F.2d 615) seems to us to establish conclusively that the government's pre-litigation position was not substantially justified, and we so find.

## ORDER

AND NOW, this 7th day of June, 1983, the motion of the plaintiffs for attorneys' fees and expenses is GRANTED and plaintiffs are hereby AWARDED reasonable attorneys' fees and expenses in the sum of $17,920.53.