George E. SCHUENEMEYER, III

v.

The UNITED STATES.

No. 329–81C.

United States Claims Court.

March 6, 1984.

As Corrected March 9, 1984.

George E. Schuenemeyer, III, pro se.

Louis R. Davis, Washington, D.C., with whom were Acting Asst. Atty. Gen. Richard K. Willard, David M. Cohen, and Stephen G. Anderson, Washington, D.C., for defendant.

## OPINION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT and PLAINTIFF'S MOTION TO TRANSFER

WHITE, Senior Judge.

In this unusual case, the defendant has asked the court to enter judgment in the favor of the plaintiff, and the plaintiff has objected.

The defendant's motion is called a motion for summary judgment. Strictly speaking, under the rules of the court, a motion for summary judgment can be allowed only in a situation where the moving party is entitled to a judgment as a matter of law. See Rule 56(c). Consequently, the defendant's motion will be treated as a motion for the entry of judgment in favor of the plaintiff, upon a tacit admission of liability on the part of the defendant.

The plaintiff served on active duty as a commissioned officer of the United States Air Force Reserve from February 10, 1965, through June 30, 1977, at which time he was serving in the grade of captain. The plaintiff was released from active duty by the Air Force on June 30, 1977, because he had been passed over twice by Air Force selection boards for promotion to the temporary grade of major. The first of these selection boards was convened on September 22, 1975, and the second on October 18, 1976.

On July 1, 1977, the plaintiff enlisted in the Air Force; and, since the date mentioned, he has served continuously as an enlisted member of the Air Force.

In the complaint,[1] the plaintiff's basic allegations were that his Officer Efficiency Rating ("OER") for the period from October 29, 1974, through May 23, 1975, was erroneous and unjust, in that it failed to reflect accurately the actual quality of the plaintiff's performance of duty; that the

OER was the result of a conspiracy by certain named Air Force officers to "railroad" the plaintiff out of the Air Force's officer personnel; that the OER was prejudicial, and its presence in the plaintiff's military records contributed significantly to his non-selection for promotion to the temporary grade of major; that the plaintiff, on a number of different occasions, requested that the Air Force Inspector General investigate the wrong that he had suffered as a result of the conspiracy; and that, because of these requests, the conspirators committed "massive reprisals" (described in considerable detail) against the plaintiff.

The complaint concluded with a prayer that the court:

(1) Enter a "punitive" judgment of $5,200,000 in favor of the plaintiff for the "oppression and mental anguish" suffered by the plaintiff due to the reprisals mentioned in the complaint.

(2) Enter judgment in favor of the plaintiff for the active duty pay and allowances of an officer serving in the grade of captain from June 30, 1977, to and including the date of judgment.

(3) Remand the plaintiff's case to the Air Force Board for the Correction of Military Records ("AFBCMR") to consider correcting the plaintiff's records to show his promotion to the temporary grade of major, the permanent grade of major, and the temporary grade of lieutenant colonel.

(4) Order the Secretary of the Air Force to correct the plaintiff's records in the following respects:

(a) void the plaintiff's OER for the period from October 29, 1974, through May 23, 1975, and expunge it from the plaintiff's records;

(b) void the plaintiff's non-selection for promotion to the temporary grade of major by the major's selection boards previously mentioned, and expunge the non-selection from the plaintiff's records;

(c) allow the plaintiff to purchase back the 60 days of leave that he had to "sell" on

---

1. Filed as a petition in this court's predecessor, the United States Court of Claims.

his involuntary separation from the service on June 30, 1977;

(d) reinstate the 15 days of terminal leave which the plaintiff was forced to take before his involuntary separation from the service on June 30, 1977;

(e) allow the plaintiff to maintain a leave balance of 170 days, to be used at his convenience between the date of the court's judgment and his retirement from the service on November 30, 1984; and

(f) accord the plaintiff appropriate consideration for promotion to the temporary grade of major, the permanent grade of major, and the temporary grade of lieutenant colonel.

In its motion, the defendant concedes, in effect, that the plaintiff's OER for the period from October 29, 1974, through May 23, 1975, was erroneous, that the plaintiff's non-selection for promotion to the temporary grade of major was improper, and that the plaintiff is entitled to recover.

The defendant therefore consents to the entry of an order by the court—and, indeed, affirmatively requests the court to enter an order—: (a) declaring that the plaintiff is entitled to recover an amount equal to the active duty pay and allowances of an Air Force officer serving on active duty in the grade of captain for the period from July 1, 1977, to the date of judgment, less appropriate offsets allowed by law; (b) directing the Secretary of the Air Force (1) to reinstate the plaintiff to active duty in the grade of captain, and (2) to correct the plaintiff's Air Force records (i) to show that the plaintiff served continuously on active duty in the grade of captain from July 1, 1977, to the date of the plaintiff's actual reinstatement to active duty as a captain, (ii) to void and expunge the OER evaluating the plaintiff's performance of duty during the period from October 29, 1974, through May 23, 1975, (iii) to void and expunge the plaintiff's non-selection for promotion to the temporary grade of major by the Air Force promotion boards that convened on September 22, 1975, and October 18, 1976, and (iv) to place in the plaintiff's records appropriate non-prejudicial language explaining the gap in the plaintiff's service and ratings as an officer.

The defendant asserts, however, that the plaintiff is not entitled to have his military leave records corrected, or to have his case remanded for the purpose of promotion consideration, or to punitive damages in the amount of $5,200,000.

In his response to the defendant's motion, the plaintiff objects to the motion unless, in the alternative: (a) the court order on the defendant's motion formally declares that the selection boards which passed over the plaintiff for promotion to the temporary grade of major were illegally constituted; or (b) the court order on the defendant's motion grants the plaintiff the relief mentioned in the motion, and the court thereafter holds a trial for the purpose of determining whether the two selection boards were properly or illegally constituted under 10 U.S.C. § 266; or (c) the plaintiff receives the relief mentioned in the defendant's motion, and, in addition, the defendant agrees administratively to reinstate the plaintiff on active duty in the grade of lieutenant colonel, with January 1, 1981, as his date of rank.

With respect to the plaintiff's desire for a formal court decision that the two selection boards which passed over the plaintiff for promotion to the temporary grade of major were illegally constituted, it may be noted that the complaint does not contain a specific allegation against the legality of the boards. There is a reference in the complaint, however, to such a contention having been made by the plaintiff in a proceeding before the AFBCMR. In any event, a trial before the court to determine whether the selection boards were properly or illegally constituted would amount to an academic exercise. A determination of illegality would merely mean that the plaintiff's release from active duty as a captain on June 30, 1977, was improper; and the defendant has already conceded the impropriety of the plaintiff's release from active duty. A proper concern for the use of judicial resources dictates against the court enbarking upon such an unnecessary effort.

The plaintiff's response to the pending motion does not object to the defendant's failure to provide for an award of punitive damages to the plaintiff. This perhaps is due to a realization by the plaintiff that this court does not have jurisdiction to consider the allegedly tortious acts of certain Air Force officers, inasmuch as the grant of jurisdiction to this court specifically excludes cases "sounding in tort." See 28 U.S.C. § 1491(a)(1), *as amended by* section 133(a) of Public Law 97–164 (96 Stat. 25, 39–40).

There is pending before the court, however, a motion by the plaintiff that his tort claims be transferred to the United States District Court for the Western District of Texas, so that such claims can be considered under the Federal Tort Claims Act. In a situation where a court finds that it lacks jurisdiction to consider a civil action that is before it, there is authority to transfer the case to another court with proper jurisdiction if—and only if—"it is in the interest of justice" to do so. 28 U.S.C. § 1631, as amended by section 301(a) of Public Law 97–164 (96 Stat. 25, 55). In this connection, the Federal Tort Claims Act provides that the previous consideration and disposition of a tort claim by the appropriate federal agency is a prerequisite to the filing of a court action upon the claim. 28 U.S.C. § 2675. There is no allegation in the complaint that the plaintiff's tort claims for money damages were timely presented to and acted upon by the Department of the Air Force. Consequently, the United States District Court for the Western District of Texas would not have jurisdiction to consider such claims. For that reason alone, it would be fruitless to transfer the plaintiff's tort claims to the District Court.

The plaintiff's response to the defendant's motion does not object to the defendant's failure to provide for the adjustment of the plaintiff's leave record, as requested by the plaintiff in the complaint. There is no legal basis, of course, upon which the court could order that the plaintiff be credited with leave which he actually took before he was separated from the service on June 30, 1977, or that he be allowed to "purchase back" the 60 days of leave for which he was compensated when he was released on June 30, 1977, or that he be allowed to exceed the 60-day maximum of carry-over leave fixed by 10 U.S.C. § 701(b).

■ Also, the plaintiff's response to the pending motion does not object directly to the defendant's failure to provide for the remand of the plaintiff's case to the AFBCMR with directions to consider the correction of the plaintiff's records to show his promotion to the temporary grade of major, the permanent grade of major, and the temporary grade of lieutenant colonel, and does not object to the defendant's failure to provide for a court order instructing the Secretary of the Air Force to accord the plaintiff appropriate consideration for promotion to the same grades. The plaintiff's response does say, however, that the relief proposed by the defendant would be satisfactory to him if, in addition, the Government would agree to take administrative action promoting the plaintiff to the grade of lieutenant colonel, with a January 1, 1981, date of rank. The defendant has not indicated any willingness to make such an agreement; and the court is without power to require the Air Force to promote the plaintiff. Hardly any rule of law is more well established than the one to the effect that courts are not empowered to direct the promotion of military personnel. *Orloff v. Willoughby,* 345 U.S. 83, 93–94, 73 S.Ct. 534, 539–540, 97 L.Ed. 842 (1953); *Brenner v. United States,* 202 Ct.Cl. 678, 685–86 (1973), *cert. denied,* 419 U.S. 831, 95 S.Ct. 54, 42 L.Ed.2d 56 (1974); *Muldonian v. United States,* 193 Ct.Cl. 99, 107–08, 432 F.2d 443, 447 (1970).

### Conclusion

■ Having considered the defendant's motion and the plaintiff's response to that motion, and also having considered the plaintiff's motion to transfer his tort claims to the United States District Court for the Western District of Texas and the defendant's response to such motion, it is conclud-

ed that the defendant's motion should be, and it is hereby, allowed, and that the plaintiff's motion to transfer should be, and it is hereby, denied.

Pursuant to the allowance of the defendant's motion—

IT IS ORDERED as follows:

1. The plaintiff shall recover of and from the United States an amount equal to the active duty pay and allowances of an officer serving on active duty in the Air Force in the grade of captain for the period beginning July 1, 1977, and extending to the date of his restoration to active duty or, if he declines restoration to active duty, to the date of this order, less appropriate offsets allowed by law, with the parties to file in the clerk's office, within 60 days from the date of this order, a stipulation as to the amount of the plaintiff's recovery or, in the absence of an agreement, each party shall file a statement outlining the areas of disagreement and commenting on them.

2. The Secretary of the Air Force shall:

(a) Reinstate the plaintiff to active duty in the grade of captain.

(b) Correct the plaintiff's Air Force records:

(1) to show that the plaintiff served continuously on active duty in the grade of captain from July 1, 1977, to the date of the plaintiff's actual reinstatement to active duty as a captain;

(2) to void and expunge the Officer Efficiency Report evaluating the plaintiff's performance of duty during the period from October 29, 1974, through May 23, 1975;

(3) to void and expunge the plaintiff's non-selections for promotion to the temporary grade of major by the Air Force Promotion Boards that convened on September 22, 1975, and October 18, 1976; and

(4) to place in the plaintiff's records appropriate non-prejudicial language explaining the gap in the plaintiff's service and ratings as an officer.

3. The other claims set out in the complaint shall be automatically dismissed upon the conclusion of the proceedings under paragraph 1 of this order.