## CONSORTIUM VENTURE CORPORATION, Plaintiff,

v.

## The UNITED STATES, Defendant.

### No. 72–79.

United States Claims Court.

Aug. 8, 1984.

Bernard J. Stuplinski, Cleveland, Ohio, for plaintiff.

Gordon A. Jones, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

### ORDER

TIDWELL, Judge:

On April 6, 1984 the court granted Defendant's Motion for Partial Summary Judgment which disposed of plaintiff's claims and granted defendant's first counterclaim, but delayed entry of judgment pending a ruling on defendant's counterclaims three through seven. 5 Cl.Ct. 47.[1]

On the same date the court granted *nunc pro tunc* Plaintiff's Motion to File an Amended and Supplemental Complaint which had been pending under the court's suspension order since March 25, 1982. Plaintiff's Amended and Supplemental Complaint contains seven counts, the last

---

**1.** Defendant's second counterclaim is merely a restatement of its first counterclaim which this court has already addressed.

of which alleges, in effect, a conspiracy on the part of the government to deprive plaintiff of the benefits of the purported contract.

On June 8, 1984 plaintiff filed a motion to transfer its last count, count VII, of its amended and supplemental complaint under 28 U.S.C. 1631 to the United States District Court for the Northern District of Ohio, Eastern Division and a separate motion to dismiss defendant's third through seventh counterclaims. On July 13, 1984 defendant filed its Cross Motion to Dismiss count VII of Plaintiff's Amended and Supplemental Complaint and its opposition to Plaintiff's Motion to Transfer.

Previously, on January 13, 1984, plaintiff had filed a Motion for Leave to File Plaintiff's Statement of Election to Proceed Under the Contract Disputes Act which was suspended at defendant's request pending a decision on Defendant's Motion for Partial Summary Judgment.

The court is thus faced with several motions which must be resolved before disposing of this case including Defendant's Cross-Motion to Dismiss and Opposition to Plaintiff's Motion to Transfer which, in effect, requests the court to reconsider on jurisdictional grounds a portion of its April 6, 1984 order granting Defendant's First Counterclaim.

■ Counts I through VI of Plaintiff's Amended and Supplemental Complaint were disposed of by the court's order of April 6, 1984 which determined that the purported contract under which they were raised is a nullity. However, the parties are at odds on how to dispose of count VII. While the parties agree that count VII sounds in tort and is thus outside the jurisdiction of this court, they disagree on the treatment it should be accorded. *See Somali Development Bank v. United States*, 205 Ct.Cl. 741, 508 F.2d 817 (1974). Plaintiff argues that count VII should be transferred to the United States District Court pursuant to 28 U.S.C. 1631. Defendant, citing *Schuenemeyer v. United States*, 4 Cl.Ct. 649 (1984), contends that count VII should be dismissed because plaintiff has failed to allege the proper jurisdictional prerequisites required by the Federal Tort Claims Act, 28 U.S.C. 2675, and that transfer would be pointless since the district court would not have jurisdiction. The court, in the interests of justice, is of the opinion that count VII should be transferred to the United States District Court for the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. 1631 in order to permit that court to consider the question of its jurisdiction over count VII.

■ A second issue of major impact on the disposition of this case is the proper disposition of defendant's counterclaims. Plaintiff seeks to dismiss defendant's third through seventh counterclaims and defendant consents to the dismissal thereof. Defendant, however, seeks to transfer its first counterclaim to the appropriate United States District Court pursuant to 28 U.S.C. 1631, on jurisdictional grounds. Defendant bases its recommendation on the fact that the April 6, 1984 order holding the purported contract invalid because defendant's contracting officer lacked authority to execute the same would deprive this court of jurisdiction under 28 U.S.C. 1491 to consider defendant's counterclaims. *See Somali Development Bank v. United States*, 205 Ct.Cl. 741, 752, 508 F.2d 817, 822 (1974).

Although the court granted Defendant's Motion for Partial Summary Judgment on its first counterclaim, upon further reflection, the court is of the opinion that the interests of justice would be best served by dismissing defendant's counterclaims three through seven and by transferring defendant's first and second counterclaims to the United States District Court for the Northern District of Ohio, Eastern Division, together with count VII of Plaintiff's Amended and Supplemental Complaint pursuant to 28 U.S.C. 1631 for such further proceedings as are deemed appropriate by that court. As reasons therefor, the court is of the opinion that the failure of the subject contract because of defendant's agent's lack of authority to bind the government thereby deprives the court of subject mat-

ter jurisdiction to hear plaintiff's complaint. Pursuant to the rule set forth in *Somali, supra,* at 752, 508 F.2d at 822, "since [the court is] without jurisdiction to hear plaintiff's claim, defendant's counterclaim[s] must fall with plaintiff's [complaint]." *See also Mulholland v. United States,* 175 Ct.Cl. 832, 361 F.2d 237 (1966).

IT IS THEREFORE, ORDERED, in order to bring finality to this case that:

(1) Plaintiff's Motion to Transfer pursuant to Title 28 U.S.C. 1631 filed June 8, 1984, is hereby granted and the clerk of the court is directed to transfer count VII of Plaintiff's Amended and Supplemental Complaint to the United States District Court, Northern District of Ohio, Eastern Division;

(2) Plaintiff's Motion to Dismiss defendant's counterclaims three through seven filed June 8, 1984 is granted and defendant's third through seventh counterclaims are to be dismissed. Defendant's first and second counterclaims are to be transferred by the clerk of this court along with count VII of Plaintiff's Amended and Supplemental Complaint to the United States District Court, Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. 1631;

(3) Plaintiff's Motion for Leave to File Plaintiff's Statement of Election to Proceed under the Contract Disputes Act filed January 13, 1984 is denied, and

(4) Plaintiff's Amended and Supplemental Complaint is to be dismissed except as to count VII.

IT IS SO ORDERED.