**George E. SCHUENEMEYER III**

v.

**The UNITED STATES.**

**No. 329–81C.**

United States Claims Court.

Feb. 20, 1985.

George E. Schuenemeyer III, San Antonio, Tex., plaintiff, pro se.

Charles L. Schlumberger, Washington, D.C., with whom were Acting Asst. Attys. Gen. Richard K. Willard, David M. Cohen, and Sandra P. Spooner, Washington, D.C., for defendant.

## ORDER ON PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES, EXPENSES, AND COSTS

WHITE, Senior Judge.

After receiving a favorable decision on the cause of action set out in his complaint (see the court's opinion and order dated March 6, 1984, 4 Cl.Ct. 649), the plaintiff, a *pro se* litigant, timely filed an application for attorneys' fees, expenses, and costs under the Equal Access to Justice Act (28 U.S.C. § 2412 (1982)) and pursuant to RUSCC 81(e).

In his application, the plaintiff requested reimbursement for: attorneys' fees in the amounts of $4,223.58 and $600 paid to Attorneys Keith A. Rosenberg and Roy H. Nierman, respectively; court filing fees in the total amount of $80; and other expenses in the total amount of $4,044.33. The expenses figure of $4,044.33 included the cost of purchasing a photo-copier (including toner and premix), a typewriter, and law books, the cost of certified mail postage, and travel costs.

The defendant has filed a response in opposition to the allowance of the plaintiff's application; and the plaintiff has replied to the defendant's response.

### Attorneys' Fees and Expenses

The plaintiff's application for reimbursement of attorneys' fees and expenses is asserted under 28 U.S.C. § 2412(d)(1)(A) (1982), which (as applicable to this case) provided in pertinent part as follows:

> Except as otherwise specifically provided by statute, a court *shall* award to a prevailing party other than the United States fees and other expenses * * * incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified or that special cir-*

*cumstances make an award unjust.* [Emphasis supplied.][1]

This court's initial task in passing upon the plaintiff's application, therefore, is to determine whether the position of the United States was or was not "substantially justified." In making this determination, the court must consider the defendant's litigating position before the court—and not the Government's position at the administrative level—and determine whether the defendant's position was reasonable in the light of all the pertinent facts of the case. *See Bailey v. United States,* 721 F.2d 357, 360 (Fed.Cir.1983); *Broad Avenue Laundry and Tailoring v. United States,* 693 F.2d 1387, 1390 (Fed.Cir.1982).

The defendant has the burden of showing that its litigating position was substantially justified. *Ellis v. United States,* 711 F.2d 1571, 1575 (Fed.Cir.1983).

By way of background, perhaps it should be stated that the plaintiff, who had been serving on extended active military duty as a captain in the United States Air Force Reserve, was released from active duty on June 30, 1977, because he had been passed over twice for promotion to the temporary grade of major. On July 1, 1977, the plaintiff enlisted in the Air Force; and thereafter he served in an enlisted grade until after the issuance of the court's opinion and order on March 6, 1984.

The plaintiff alleged in his complaint (*inter alia*) that his Officer Efficiency Rating for a 7-month period in 1974–75 was erroneous, unjust, and prejudicial, and that its presence in his military records contributed significantly to his non-selection for promotion to the temporary grade of major. The complaint requested that the court award him "punitive" damages in the amount of $5,200,000 and also back pay and allowances as a captain for the period beginning with his release from active military duty as a captain and extending to the date of judgment; that the court remand the plaintiff's case to the Air Force Board for the Correction of Military Records to consider correcting the plaintiff's records to show his promotion to the temporary grade of major, the permanent grade of major, and the temporary grade of lieutenant colonel; and that the court order the Secretary of the Air Force to correct the plaintiff's records in various respects, which would include the complete elimination from such records of all vestiges of the erroneous Officer Efficiency Rating and the plaintiff's non-selection for promotion to the temporary grade of major.

The defendant's answer, which was filed on September 23, 1981, denied any liability to the plaintiff, and asked that the action be dismissed.

Soon after the answer was filed, however, negotiations over the telephone began between defendant's counsel and the plaintiff concerning the possibility of settling the case. Then, on December 29, 1981, which was about 3 months after filing the answer denying any liability to the plaintiff, defendant's counsel wrote a letter to the plaintiff by way of summarizing the position which defendant's counsel had taken in the oral negotiations up to that point. In this letter, defendant's counsel indicated that he would be willing to recommend to higher authority in the Government that the case be settled on the basis of: (1) the plaintiff being restored to the grade of captain retroactively to June 30, 1977 (the date of the plaintiff's release from active duty as a commissioned officer), conditioned upon the plaintiff meeting the prescribed physical, mental, and security requirements for a captain on active duty, the plaintiff agreeing to serve on extended active duty for at least 2 years after the date of restoration, and the plaintiff being free of any disciplinary, drug, or alcohol problems; (2) the plaintiff receiving back pay and allowances as a captain for the period between his release from active duty as a captain and his restoration to duty as a captain, less amounts actually received by the plaintiff in pay and allowances as an enlisted man during such period; (3) the plaintiff's military records being corrected

---

1. Subsection (d) expired effective October 1, 1984, as to cases filed thereafter.

by expunging any references to the plaintiff's non-selection for the temporary grade of major, by showing that the plaintiff served as a captain from June 30, 1977, to the date of reinstatement, and by showing that the plaintiff was not rated for the period involved in the previous erroneous Officer Efficiency Rating and the failure to receive a rating was not attributable to any fault on the part of the plaintiff; and (4) the plaintiff dismissing the pending action and any pending administrative proceedings pertaining to the issues involved in the litigation, and releasing the Government from any and all claims pertaining to such matters.

In a response dated January 25, 1982, the plaintiff indicated that he was unwilling to settle the case unless the settlement included, in addition to the relief which defendant's counsel was willing to recommend to higher authority in the Government: (1) promotion of the plaintiff to lieutenant colonel; (2) back flight pay for the period subsequent to the plaintiff's release from active duty as a captain (in addition to back active duty pay and allowances); (3) a Master Navigator Rating for the plaintiff, retroactive to February 1981; (4) permission for the plaintiff to use, prior to reinstatement as a commissioned officer, 60 days of his then-current 90 days' allowance of annual leave as an enlisted man; and (5) reimbursement for all "fees and expenses."

Subsequently, negotiations continued intermittently between counsel for the defendant and the plaintiff concerning the possibility of agreeing on a settlement of the case. Such negotiations, however, were ultimately unsuccessful. The principal sticking point seemed to be the plaintiff's insistence, and defendant counsel's unwillingness to recommend to higher authority, that the settlement provide for the plaintiff's promotion, for the plaintiff to receive flight pay for the period subsequent to June 30, 1977, even though he was not actually performing flight duty, and for permitting the plaintiff to take 60 days of annual leave before his restoration to commissioned rank.

Finally, on December 30, 1983—in a step that makes this case unique—the defendant filed a motion: (1) conceding that the plaintiff's Officer Efficiency Rating for the 7-month period referred to in the complaint was erroneous, that the plaintiff's non-selection for promotion to the temporary grade of major was improper, and that the plaintiff was entitled to recover; and (2) requesting that the court enter an order which would permit the plaintiff to recover the active duty pay and allowances of a captain on active duty for the period from July 1, 1977, to the date of judgment (less appropriate offsets allowed by law), which would direct the Secretary of the Air Force to reinstate the plaintiff to active duty in the grade of captain, and which would direct the Secretary to correct the plaintiff's Air Force records to show that the plaintiff served continuously on active duty in the grade of captain from July 1, 1977, to the date of the plaintiff's actual reinstatement to active duty as a captain and eliminate all vestiges of the erroneous Officer Efficiency Rating and the plaintiff's non-selection for promotion to the temporary grade of major.

The plaintiff objected to the allowance of the defendant's motion unless: (1) the court's order, in addition to granting the relief proposed by the defendant, formally declared that the Selection Boards which passed over the plaintiff for promotion to the temporary grade of major were illegally constituted, or, in the alternative, provided for the holding of a trial in order to determine whether the Selection Boards were properly or illegally constituted; and (2) the defendant agreed administratively to reinstate the plaintiff on active duty in the grade of lieutenant colonel, with January 1, 1981, as his date of rank.

The court's opinion and order of March 6, 1984, allowed the defendant's motion and provided for the entry of a judgment granting the plaintiff the relief proposed in the defendant's motion, with the other aspects of the plaintiff's claim, as set out in the complaint, to be dismissed. The plaintiff subsequently received the relief provided

for in the court's opinion and order, including a money judgment for $78,110.56. See 6 Cl.Ct. 97.

It will be noted that, although the defendant's answer initially denied any liability to the plaintiff and requested that the plaintiff's complaint be dismissed, counsel for the defendant very soon entered into settlement negotiations with the plaintiff. Within about 3 months after the answer was filed, defendant's counsel outlined to the plaintiff a proposed settlement of the case which closely paralleled the relief which the court ultimately granted the plaintiff in the opinion and order of March 6, 1984.

It is true that the settlement suggested by defendant's counsel would have imposed certain conditions on the granting of relief to the plaintiff—*i.e.,* the plaintiff's reinstatement to the grade of captain would have been conditioned upon his meeting the prescribed physical, mental, and security requirements and upon the absence of any disciplinary, drug, or alcohol problems; and it would have been necessary for the plaintiff to dismiss with prejudice the pending action and any pending administrative proceedings pertaining to the issues involved in the litigation, and for the plaintiff to release any and all claims against the Government growing out of such matters.

The circumstance that defendant's counsel included these conditions in his settlement proposal, however, does not necessarily mean that the defendant's position was unreasonable. This court shares with other courts a traditional reluctance to review the various positions assumed by parties in settlement negotiations. *See Bailey v. United States, supra,* 721 F.2d at 361.

Moreover, it is significant in the present proceeding that the formal motion proposing the relief which the court actually granted the plaintiff in the opinion and order of March 6, 1984, was filed by the defendant, and not by the plaintiff.

Throughout the lengthy settlement negotiations, which began very soon after the defendant's answer was filed, defendant's counsel indicated a willingness to recommend a settlement of the case which, basically, would grant the plaintiff all the relief which the court was empowered to grant on the cause of action set out in the plaintiff's complaint. The failure of the parties to agree on a settlement was attributable mainly to the plaintiff's insistence that any settlement provide for his promotion to lieutenant colonel, his receiving a Master Navigator Rating, and his receiving flight pay (in addition to active duty pay and allowances) for the period subsequent to his release from active duty as a captain. These were items of relief which the court was without authority to grant the plaintiff under the facts of the case.

■ The court therefore determines and finds that the position of the United States in this case was substantially justified. Accordingly, the plaintiff's application must necessarily be denied insofar as it requests reimbursement for attorneys' fees and expenses.

It is unnecessary to consider other objections raised by the defendant to the plaintiff's request for attorneys' fees and expenses.

### Court Costs

■ The plaintiff's claim for reimbursement of court costs is asserted under 28 U.S.C. § 2412(a) (1982), which provides as follows:

(a) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, *may* be awarded to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by

**422**

such party in the litigation. [Emphasis supplied.]

The only items of expense mentioned in the plaintiff's application that would come within the ambit of the statutory language just quoted, as supplemented by 28 U.S.C. § 1920 (1982), are the court filing fees in the total amount of $80.

As indicated by the statutory language, the allowance of reimbursement for court costs to the prevailing party in a case of this sort is discretionary with the court. In this connection, it was the long-standing policy of this court's predecessor, the United States Court of Claims, not to allow reimbursement for court costs to the prevailing party in the cases before that court.

Under the circumstances of this case, particularly the plaintiff's unwillingness to settle the case on a reasonable basis that would have given him all the relief he could obtain by litigating the case to a conclusion, the court, in the exercise of its discretion, deems it inadvisable to depart from the policy of the former Court of Claims by authorizing reimbursement for court costs to the prevailing party in the present litigation.

## Conclusion

For the reasons previously stated, the court concludes that the plaintiff's application for attorneys' fees, expenses, and costs should be, and it is hereby, denied.

IT IS SO ORDERED.