**TEMP TECH INDUSTRIES, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 83–3308.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 10, 1984.

Decided March 8, 1985.

J. Charles Sheerin, Chicago, Ill., for petitioner.

John P. Coyle, N.L.R.B., (Elliot Moore, NLRB) Washington, D.C., for respondent.

Before ESCHBACH and COFFEY, Circuit Judges, and DUPREE, Senior District Judge.[*]

ESCHBACH, Circuit Judge.

Temp Tech Industries, Inc. ("Company") seeks review of an order of the National Labor Relations Board ("Board") dismissing its application for costs and attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504 (1982). We find that the Board did not abuse its discretion in dismissing the application. Thus, we deny the petition for review.

## I.

On June 30, 1981, the Board's General Counsel issued a complaint against the Company. The complaint charged that the Company, through its president, violated § 8(a)(1) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(a)(1) (1982) by soliciting employee grievances against the Company,[1] offering to negotiate individually with employees to discourage employee participation in a strike, and informing employees that there would be no further negotiations if a strike commenced. The complaint further charged that the Company discharged employee Bernard

Szkolny for engaging in protected activity, in violation of § 8(a)(1) and (3) of the NLRA, 29 U.S.C. § 158(a)(1) and (3) (1982). Finally, the complaint charged that the Company violated § 8(a)(1) and (5) of the NLRA, 29 U.S.C. § 158(a)(1) and (5) (1982), by engaging in bad-faith bargaining, and alleged, *inter alia*, that the Company had failed to designate a negotiator with sufficient authority to engage in meaningful bargaining.

A hearing was held before an administrative law judge ("ALJ"). The ALJ concluded that the president's threat to absent himself from the bargaining table had violated § 8(a)(1), and granted the General Counsel's motion to withdraw the allegation that the president had also solicited grievances and offered to bargain individually with employees. The ALJ also concluded that the Company had engaged in dilatory, bad-faith bargaining in violation of § 8(a)(1) and (5), but did not find that the Company had refused to designate a representative with sufficient authority to bargain collectively. Finally, the ALJ found that employee Szkolny had been fired for assaulting another employee who violated the picket line and that Szkolny's conduct was sufficiently egregious to warrant his discharge. The ALJ therefore concluded that the Company did not violate § 8(a)(1) and (3) by discharging Szkolny.

The proceeding was transferred to the Board, where neither the Company nor the General Counsel filed exceptions. The Board adopted the ALJ's order in full and, on the Board's application, we issued an order summarily enforcing the Board's order against the Company. *NLRB v. Temp Tech Industries, Inc.*, No. 83–1841 (7th Cir. June 28, 1983).

On August 26, 1982, the Company filed an application with the Board for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 5 U.S.C.

---

[*] The Honorable Franklin T. Dupree, Jr., Senior District Judge for the Eastern District of North Carolina, sitting by designation.

1. The Company was facing a threatened strike, and the complaint alleged that the president solicited grievances in order to discourage employee participation in the strike.

§ 504 (1982) [2] alleging that it was a prevailing party in the proceeding before the ALJ within the meaning of 5 U.S.C. § 504(a)(1), and that the Board's position was not substantially justified. Specifically, the Company alleged that the General Counsel had introduced no evidence in support of certain factual allegations underlying the § 8(a)(1) and § 8(a)(5) charges, and thus that the Company had prevailed on those allegations. The Company further alleged that it had prevailed on the § 8(a)(3) charge and, moreover, that the position of the General Counsel in issuing the complaint was not substantially justified because the Company had offered to settle before the hearing, and because the General Counsel knew that it lacked evidence to support its allegations, and also knew that Szkolny was not a credible witness.

The General Counsel moved to dismiss the Company's application on grounds that, with the exception of the issue of employee Szkolny's discharge, the Company was not the prevailing party on a "significant and discrete substantive portion of [the] proceeding" as required by the Board's Rules and Regulations, Series 8, as amended, 29 C.F.R. § 102.444(a) (1984). The General Counsel further argued that his position in litigating Szkolny's discharge was substantially justified because the ALJ's resolution of the issue turned on an assessment of Szkolny's credibility as a witness. Finally, the General Counsel argued that the Company was not a prevailing party on any issue other than the discharge, and that it would be unjust within the meaning of the EAJA and the Board's Rules and Regulations, 29 C.F.R. § 102.444(b) (1984), to award the Company fees for litigating con-

duct subsequently found to have violated the NLRA.[3]

On December 10, 1982, the ALJ issued a Supplemental Decision granting the General Counsel's motion to dismiss the Company's application. The ALJ concluded that the Company had prevailed only on the issue of Szkolny's discharge, and that the General Counsel's position on that issue was substantially justified because the resolution of the issue turned on credibility. The ALJ found that the factual allegations on which the Company prevailed did not constitute "significant and discrete substantive portion[s]" of the proceeding: the allegation concerning whether the Company had designated a bargaining representative in good faith was but one aspect of a course of conduct alleged to have constituted bad-faith bargaining, and the allegations concerning the president's offers to employees were based on events occurring during a meeting at which the president also threatened the employees in violation of the Act. The ALJ also concluded that the EAJA was not designed to test the complaint-issuing discretion of the Regional Director, and thus refused to consider the Company's allegations concerning the settlement offer.

The Company filed exceptions to the ALJ's order. On May 4, 1983, the Board adopted the ALJ's findings and conclusions in a Supplemental Decision and Order, and dismissed the application. This court granted the Company's motion for leave to appeal by order of December 28, 1983, *see* 5 U.S.C. § 504(c)(2) (1982).

II.

The EAJA, 5 U.S.C. § 504(a)(1), directs that when an agency (as defined in 5 U.S.C.

---

**2.** Pub.L. No. 96–481, 94 Stat. 2327 (1980) provides:

Effective October 1, 1984, section 504 ... of title 5, United States Code ... [is] repealed, except that the provisions of such section shall continue to apply through final disposition of any adversary adjudication ... initiated before the date of repeal.

**3.** The General Counsel's motion to dismiss addressed only the questions of whether the Company was the prevailing party on any issue oth-

er than Szkolny's discharge, and whether his position with respect to the discharge was substantially justified. In addressing only those issues, the General Counsel expressly did not concede other legal or factual questions raised by the Company's fee application. Specifically, the General Counsel did not admit the existence of the facts alleged by the Company concerning the settlement offer, nor did he concede that any position he had taken in the hearing lacked substantial justification.

§ 500(a)(1) (1982)) conducts an adversary adjudication and loses, the agency shall award fees and other expenses incurred by the prevailing party in connection with that proceeding. The agency can avoid the imposition of fees and costs only by demonstrating that its position as a party to the proceeding was "substantially justified," or that special circumstances exist that would make such an award unjust. We may modify the Board's determination not to make an award only if we find that the Board abused its discretion. 5 U.S.C. § 504(c)(2).

### A.

The EAJA directs each administrative agency to establish by rule uniform procedures for the submission and consideration of fee applications. 5 U.S.C. § 504(c)(1). Under the Board's rules, when a party in an adversary proceeding prevails only in part, any recoverable fees and expenses must be incurred in connection with "a significant and discrete portion of that proceeding." 29 C.F.R. § 102.144(a) (1984). The Company does not directly challenge the Board's finding that it prevailed only on the issue of Szkolny's discharge. Rather, it argues that it should recover fees for the entire proceeding because the General Counsel's decision to issue a complaint and to refuse the company's settlement offer was not substantially justified. Although there is a split of authority concerning whether the government need justify both its underlying conduct and its litigation position, *see* Part B, *infra*, our research has disclosed no case in which the question of substantial justification was reached on issues where it had not been shown that the party applying for fees prevailed. Accordingly, we consider the Company's arguments concerning substantial justification only as they concern the issue of Szkolny's discharge.

### B.

The Company does not appear to be arguing that the ALJ erred in determining that the General Counsel's position in the hearing regarding Szkolny's discharge had a basis in fact and law. Rather, the Company takes issue with the ALJ's ruling that the EAJA was not intended as a vehicle to test the complaint-issuing or settlement posture of an agency. The Company argues that the weaknesses of the General Counsel's case concerning the discharge should have been apparent before the hearing, and should have led the General Counsel to decide not to prosecute the unlawful termination charge. Alternatively, the Company contends that these same weaknesses should have led the General Counsel to accept its settlement offer.

The statute requires that the government establish that its "position" is substantially justified, but the courts are divided over the proper definition of the term "position." Some courts follow the "underlying action" theory, which focuses on the governmental action which precipitated the litigation. *See, e.g., Rawlings v. Heckler,* 725 F.2d 1192 (9th Cir.1984); *Natural Resources Defense Council, Inc. v. EPA,* 703 F.2d 700 (3d Cir.1983); *Lonning v. Schweiker,* 568 F.Supp. 1079 (E.D.Pa.1983); *Watkins v. Harris,* 566 F.Supp. 493 (E.D. Pa.1983); *Community Health Services, Inc. v. Califano,* 563 F.Supp. 1368 (W.D. Pa.1983); *Environmental Defense Fund, Inc. v. Watt,* 554 F.Supp. 36 (E.D.N.Y. 1982), *aff'd on other grounds,* 722 F.2d 1081 (2d Cir.1983); *MacDonald v. Schweiker,* 553 F.Supp. 536 (E.D.N.Y.1982); *Cornella v. Schweiker,* 553 F.Supp. 240 (D.S.D. 1982) (dicta), *rev'd on other grounds,* 728 F.2d 978 (8th Cir.1984); *Moholland v. Schweiker,* 546 F.Supp. 383 (D.N.H.1982); *Citizens Coalition for Block Grant Compliance v. Euclid,* 537 F.Supp. 422 (N.D. Ohio 1982), *aff'd on other grounds,* 717 F.2d 964 (6th Cir.1983). Other courts follow the "litigation position" theory, which examines only the government's posture during the adjudicatory proceeding. *See e.g., Boudin v. Thomas,* 732 F.2d 1107 (2d Cir.1984); *Environmental Defense Fund, Inc. v. EPA,* 716 F.2d 915 (D.C.Cir.1983); *Spencer v. NLRB,* 712 F.2d 539 (D.C.Cir. 1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984); *Ellis v. United States,* 711 F.2d 1571 (Fed.Cir.1983) (28

U.S.C. § 2412); *Tyler Business Services, Inc. v. NLRB,* 695 F.2d 73 (4th Cir.1982); *Grand Boulevard Improvement Ass'n v. Chicago,* 553 F.Supp. 1154 (N.D.Ill.1982); *Operating Engineers Local Union No. 3 v. Bohn,* 541 F.Supp. 486 (D.Utah 1982), *aff'd,* 737 F.2d 860 (10th Cir.1984); *Alspach v. District Director of Internal Revenue,* 527 F.Supp. 225 (D.Md.1981). This court has never issued a ruling interpreting the term "position," nor are we certain in which of the two categories the Company's contentions properly belong. The cases discussing the "underlying action" theory invariably concern agency action that has forced the private party to sue to vindicate rights; we have found no case discussing whether the agency properly rejected a settlement offer. In *Grand Boulevard Improvement Ass'n v. Chicago,* 553 F.Supp. 1154, 1162 (N.D.Ill.1982), the court states that the proper focus should be on "the decision of the government to litigate and the reasonableness of the position advanced," suggesting that the government's complaint-issuing discretion might be open to scrutiny.

■ We need not resolve this issue, however, for we have determined that the General Counsel's position in the instant case, however defined, was substantially justified.[4]

■ Picket-line misconduct is not always sufficient cause for discharge of an unfair labor practice striker. It is understood that spirits often run high during a strike. Therefore, in determining whether certain misconduct warrants the sanction of discharge, "[t]rivial rough incidents or moments of animal exuberance must be distinguished from misconduct so violent or of such serious character as to render the employee unfit for further service." *Ad-*

vance *Industries Div.-Overhead Door Corp. v. NLRB,* 540 F.2d 878, 882 (7th Cir.1976); *see Milk Wagon Drivers Local 753 v. Meadowmoor Dairies, Inc.,* 312 U.S. 287, 61 S.Ct. 552, 85 L.Ed. 836 (1941).

The specific legal issue litigated here was whether Szkolny had engaged in picket-line misconduct sufficiently egregious to warrant his discharge. The misconduct alleged by the Company as a basis for his discharge was that Szkolny had pushed a softened, unpeeled banana in the face of a nonstriking employee as that employee crossed the picket line. Szkolny testified that the incident was merely a practical joke gone awry. The ALJ, however, discredited Szkolny's testimony and found that Szkolny's misconduct indicated deliberate planning to retaliate against the nonstriker. As the ALJ noted in dismissing the Company's fee application, "[h]ad Szkolny's testimony been credited, different inferences might well have been drawn leading to a finding that his conduct was not sufficiently egregious to warrant [his] discharge." The Company argues that Szkolny's lack of credibility should have been apparent to the General Counsel before the hearing. Nonetheless, it is not clear to us that the conduct alleged was so egregious that the General Counsel's decision to litigate would have lacked substantial justification even had he known beforehand that Szkolny would be discredited. Moreover, we cannot find that the General Counsel's decision to litigate an issue that turned on a credibility assessment was itself unreasonable; the fact that an ALJ might make an adverse finding on a credibility issue does not, in and of itself, deprive the General Counsel's position of a basis in fact. Thus, we find that the Board did not abuse its discretion in finding the decision to litigate substantially justified.[5]

---

**4.** While the parties devote a considerable amount of discussion in their briefs to the question of what constitutes substantial justification, it is settled in this circuit that an agency's position is substantially justified if it has a "reasonable basis in law and fact." *Ramos v. Haig,* 716 F.2d 471, 473 (7th Cir.1983); *Berman v. Schweiker,* 713 F.2d 1290 (7th Cir.1983).

**5.** Having found that the General Counsel's decision to litigate the discharge had a reasonable basis in law and fact, we cannot agree with the Company that the General Counsel must further justify his decision to reject a settlement proposal that, by the Company's own admission, could not have provided the full relief that the General Counsel would have achieved had he prevailed,

### III.

For the reasons stated above, the Company's petition for review is denied.

and would have lacked the enforceability of a  Board order.