**Stephen A. POTOTZKY**

v.

**The UNITED STATES.**

No. 52–84T.

United States Claims Court.

July 30, 1985.

Rexford R. Cherryman, Virginia Beach, Va., attorney of record for plaintiff.

David Gustafson, Washington, D.C., with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., attorney of record for defendant.

## OPINION

LYDON, Judge:

On June 3, 1985, the court rendered a final judgment favorable to plaintiff. Thereafter, plaintiff timely filed an application for attorney's fees, expenses and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1982) (EAJA), and pursuant to RUSCC 81(e).

In his application, plaintiff requests attorney's fees of $8,823 and expenses and costs of $465.89, for a total award request of $9,288.89. In this application, plaintiff asserted that a "clear case of no personal liability was well-established from the beginning January 27, 1982", and thus the

government's position in litigating this case in court was not substantially justified. Defendant opposes plaintiff's application for attorney's fees, expenses and costs.[1] The determinative issue for decision is whether the government's litigating position in this case in this court was substantially justified. The court finds that it was.

The issue before the court when it rendered its June 3, 1985, opinion favorable to plaintiff was whether plaintiff was a "responsible person" within the purview of the income tax laws, 26 U.S.C. § 6672(a) and therefore liable for certain taxes which a company failed to pay to the Internal Revenue Service.

In cases such as this, the determination of who is a "responsible person" is a factual inquiry for the most part. *See Bauer v. United States,* 211 Ct.Cl. 276, 286, 543 F.2d 142, 148 (1976). The parties in this case stipulated a record on which they rested their different versions of what facts they felt supported their different positions.

The court, on its review of the stipulated record and case law precedents, found for plaintiff. However, the court's determination reflects that the case was not one-sided and had the court given more weight and inferences to certain isolated pieces of evidence the result might have been different. *See Temp Tech Industries, Inc. v. N.L.R.B.,* 756 F.2d 586, 590 (7th Cir.1985).[2] Under such circumstances it cannot be said that the government's litigating position in this case was not substantially justified. The nuances of determining who is a "responsible person" in different factual contexts have proved troublesome and courts, let alone the parties involved, often differ on the same record in reaching "responsible person" conclusions. *See, e.g., Godfrey v. United States,* 3 Cl.Ct. 595 (1983), *rev'd in part* and *vacated in part, Godfrey v. United States,* 748 F.2d 1568 (Fed. Cir.1984).

It is now well settled that in determining whether the government's posi-

---

1. Defendant raises a number of defenses to plaintiff's application. First, defendant contends this court lacks jurisdiction to award attorney's fees under the Equal Access to Justice Act (EAJA). This contention was rejected in *Essex Electro Engineers, Inc. v. United States,* 757 F.2d 247, 250–52 (Fed.Cir.1985). Second, defendant cites certain procedural defects in plaintiff's application (lack of net worth information and lack of attorney fee rate information). Plaintiff satisfactorily corrected these deficiencies in its reply submission thereby mooting defendant's contentions in this regard. Finally, defendant argues that some of the expenses incurred by plaintiff were incurred prior to litigation and thus should not be allowed in any event, citing *Bailey v. United States,* 721 F.2d 357, 359 (Fed.Cir.1983). Plaintiff counters that while the questioned expenses were incurred prior to the filing of plaintiff's complaint on February 6, 1984, these expenses were not administrative expenses but were reimbursable "prelitigation" expenses. Because of the court's disposition of this matter denying the application request, it need not resolve this dispute between the parties. Plaintiff, in any event, would not be entitled to recover court costs (*e.g.,* filing fee) under 28 U.S.C. § 2412(c) in accordance with the long standing policy of this court's predecessor court, the United States Court of Claims. *See Schuenemeyer v. United States,* 7 Cl.Ct. 417, 421–22 (1985); *Snowbank Enterprises, Inc. v. United States,* 7 Cl.Ct. 388, 389–90 (1985).

2. Defendant's position rested on the facts that during the delinquency period, plaintiff was a shareholder, director and officer of the involved company and had check-signing authority. He also drafted and signed corporate minutes which reflected three meetings during the delinquency period. Defendant stressed that plaintiff attended these three meetings at which general business matters were discussed. Plaintiff, defendant stressed, was aware of the federal withholding requirements and of the penalties for violations thereof, and was aware of the tax delinquency and could have, when shown checks, in amounts sufficient to cover the tax delinquency, supplied the necessary second qualifying signatures thereon. Plaintiff, in arguing that the government's position was unjustified, cites only the incident wherein plaintiff was "locked out of the corporate premises three months before the delinquency period and therefore could not have been a responsible individual * * *." While this fact was supportive of the conclusion reached by the court, standing alone it may not have carried the day. While the court dealt with these matters and others in its opinion, finding for plaintiff on a preponderance of the *evidence* evaluation of the record, they reflect, on balance, that there was substantial justification for litigating the "responsible person" position taken by the government.

tion was substantially justified, concern centers on the government's litigating position in court, not its position at the administrative level. *Bailey v. United States,* 721 f.2d 357, 360 (Fed.Cir.1983). Further, it is settled that defendant has the burden of showing that its position was substantially justified. *Ellis v. United States,* 711 F.2d 1571, 1575 (Fed.Cir.1983). That burden, however, can be met by the government if it can show that the litigating position it took was reasonable: what is reasonable, in this regard, depends on the facts of the case. *Essex Electro Engineers, Inc. v. United States,* 757 F.2d 247, 252 (Fed.Cir. 1985).

■ Plaintiff's presentation in its application and reply brief rests largely on the fact that plaintiff was the prevailing party, *i.e.,* that he succeeded in getting a favorable decision from the court. Case law, however, discloses that such success does not mean instant recovery of attorney's fees and expenses upon application. For example, in *Gava v. United States,* 699 F.2d 1367 (Fed.Cir.1983) and *Kay Mfg. Co. v. United States,* 699 F.2d 1376 (Fed.Cir. 1983), successful litigants against the United States were denied attorney fees and expenses because it was determined that the government's litigating position was substantially justified. *See also Temp Tech Industries, Inc. v. N.L.R.B., supra,* 756 F.2d at 590. The applications for attorney's fees and expenses were much stronger, on a factual basis, in the *Gava* (see 699 F.2d at 1371) and *Kay Mfg. Co.* (see 699 F.2d at 1378–79) cases *supra,* than in the case at bar. On the record in this case, it is clear to the court that the government's litigating position in this case was a reasonable one, in fact and in law, and therefore it was substantially justified.[3]

The court, upon consideration of plaintiff's application for attorney's fees, expenses and costs, together with the briefs of the parties, concludes that said application must be, and is, denied.

---

**3.** Even if suit were brought under the provisions of the Tax Equity and Fiscal Responsibility Act (TEFRA) Pub.L. No. 97–248, 96 Stat. 324, 572 (1982) and made applicable to actions in this court by the Tax Reform Act of 1984, Pub.L. No. 98–369, 98 Stat. 494, 961 (1984), plaintiff would not be entitled to recover because of the reasonableness of the government's litigating position under the circumstances. *See The Columbus Fruit and Vegetable Cooperative Assoc., Inc. v. United States,* 8 Cl.Ct. 525 (Cl.Ct.1985).