**DEEMS LEWIS McKINLEY, A California Corporation,**

v.

**The UNITED STATES.**

No. 646–87C.

United States Claims Court.

March 8, 1988.

H.P.I.

Glen M. Rasmussen, San Diego, Cal., for plaintiff. Edwards, White & Sooy, of counsel.

Martha H. Degraff, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant. Patrick Messam, U.S. Postal Service, of counsel. ·

## MEMORANDUM OF DECISION

HARKINS, Senior Judge.

The complaint in this case initially was filed on September 30, 1987, in the United States District Court for the Southern District of California (Civil No. 87–1421–GT(M)). In that court, plaintiff's motion for a temporary restraining order was denied on October 5, 1987, and the case was transferred pursuant to 28 U.S.C. § 1631 on October 6, 1987, to the United States Claims Court.

Plaintiff filed a complaint in this court on November 10, 1987, and on November 12, 1987, plaintiff filed an application for a mandatory injunction. The complaint contains four claims: (1) claim for mandatory and permanent injunction, (2) claim for recovery of bid preparation costs, (3) claim for breach of contract, and (4) claim for intentional interference with prospective business advantage. Jurisdiction in this case is founded on the Tucker Act, 28 U.S.C. § 1491(a)(1), and the jurisdiction of the Claims Court to award equitable and extraordinary relief on any contract claim brought before the contract is awarded, 28 U.S.C. § 1491(a)(3).

Plaintiff's claims involve a procurement for architect-engineer design services (A/E support), to be contracted by the Postal Service Facilities Service Center, located in San Bruno, California. By public announcement, on November 26, and December 8, 1986, the Postal Service solicited information from A/E firms interested in providing support services for design and construction of an expansion of the San Diego Main Post Office. Procurement of architect-engineer services by the Postal Service are subject to the provisions of the Brooks Act, Pub.L. No. 92–582, 86 Stat. 1278, 40 U.S.C. §§ 541–44 (1982). Applicable regulations are set forth in 39 C.F.R. §§ 601.100 through 601.105 and in the Postal Contracting Manual (PCM) Section 18, Part 6, §§ 18–600 through 18–610. These regulations are supplemented by Bulletins issued by Postal Service Headquarters Real Estate and Buildings Department (RE & B Bulletin, effective Feb. 3, 1986) and the Facilities Department (Facilities Bulletin, effective Jan. 5, 1987).

Oral argument was heard on November 25, 1987, on plaintiff's application for injunctive relief. At the close of argument and confirmed by order on December 1, 1987, it was decided that this court had jurisdiction over plaintiff's claims 1, 2 and 3 and that plaintiff was not entitled to injunctive relief. The order in part states:

Plaintiff has not shown that defendant's conduct was unreasonable, nor has plaintiff shown that it is likely to prevail on the merits of its claim. Accordingly, plaintiff is not entitled to injunctive relief under Section 1491(a)(3) and plaintiff's application for injunctive relief is denied.

On December 24, 1987, plaintiff filed a motion under 28 U.S.C. § 1631 (1982) to bifurcate and transfer part of the case to the United States District Court, Southern District of California. Defendant filed an opposition on January 11, 1988, and plaintiff filed its reply on March 2, 1988.

Section 1631 of Title 28, United States Code, provides the mechanism for a transfer to cure want of jurisdiction. It provides:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action

or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Of the three claims with viability after the denial of injunctive relief, this court's jurisdiction continues as to two: the claim for recovery of bid preparation costs, and the claim for breach of contract. The basis for a claim for recovery of bid preparation costs is the implied-in-fact contract that the government will treat honestly and fairly the responses to its contract solicitations. Recovery of bid preparation costs is controlled by criteria that may involve issues of subjective bad faith, arbitrary or unreasonable conduct, abuse of discretion, or proven violation of particular statutes or regulations. *Keco Industries v. United States,* 492 F.2d. 1200, 1203, 203 Ct.Cl. 566 (1974) (*Keco II*). Plaintiff's contract claims clearly exceed the $10,000 limitation on the jurisdiction of the district court under the Little Tucker Act. 28 U.S.C. § 1346(a)(2).

Plaintiff's claim for intentional interference with prospective business advantage sounds in tort and is beyond this court's Tucker Act jurisdiction. Plaintiff's motion would have the case bifurcated, with some claims to be retained and determined here, and the tort claim to be transferred to the district court to be determined contemporaneously.

Plaintiff's motion literally does not fall within the scope of Section 1631. The statute applies to "civil actions" and appeals, and authorizes such an "action or appeal" to be transferred after a finding that there is a want of jurisdiction. Nothing in the language of the statute authorizes a court to bifurcate an action and transfer some of the "claims" to another court.

No precedent has been cited, and none has been found, for the proposition that it is permissible to bifurcate claims that involve the same factual transactions and litigate in two courts at the same time. Such a procedure would result in a waste of judicial resources and would be adverse to all notions of judicial fairness and efficiency.

All of plaintiff's remaining claims involve the same factual basis. Plaintiff's complaint sets forth statements of its claims alternately or hypothetically, as permitted in RUSCC 8(e)(2). The facts applicable to a decision on the claim for recovery of bid preparation costs and for alleged breach of contract necessarily involve the same facts on which plaintiff bases its tort claim.

The Court of Appeals for the Federal Circuit, in the exercise of its appellate jurisdiction, has considered bifurcation of claims in the same case on appeal. Precedent indicates that such bifurcation is not permissible. *See Galloway Farms, Inc. v. United States,* 834 F.2d 998, 1001 (Fed.Cir. 1987); *Bray v. United States,* 785 F.2d 989, 994 (Fed.Cir.1986); *Williams v. Department of Army,* 715 F.2d 1485, 1489 (Fed.Cir.1983).

In this court transfers under Section 1631 have been denied when the transfer was not in the public interest. In those cases, all claims within the court's jurisdiction had been ruled upon, and the only remaining issues to be litigated were claims within the jurisdiction of another court. *See Rodriguez v. United States,* 13 Cl.Ct. 399 (1987); *Singleton v. United States,* 6 Cl.Ct. 156 (1984). In *Consortium Venture Corp. v. United States,* 5 Cl.Ct. 801 (1984), the court dismissed all of plaintiff's claims and all of the defendant's counterclaims over which it had jurisdiction. The only remaining claim, and two remaining counterclaims over which the court did not have jurisdiction were transferred to a district court. None of the precedent in this court would permit a bifurcation of the case so that some issues remained to be tried here and others would be tried concurrently in another court.

On the basis of the foregoing, it is clear that the transfer that plaintiff requests is not authorized by statute and would not be

in the interest of justice. Accordingly, plaintiff's motion is DENIED.