513 So.2d 672 (1987)
Dr. Anthony GENTELE, O.D., Appellant/Cross-Appellee,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF OPTOMETRY, Appellee/Cross-Appellant.
No. BO-194.
District Court of Appeal of Florida, First District.
July 10, 1987.
Rehearing Denied August 28, 1987.
Richard A. Pettigrew and Melvia L. Bailey-Green of Morgan, Lewis & Bockius, Miami, for appellant/cross-appellee.
Lisa S. Nelson, Appellate Atty. and H. Reynolds Sampson, Legal Adm'r, Dept. of Professional Regulation, Tallahassee, for appellee/cross-appellant.
ERVIN, Judge.
Dr. Anthony Gentele, O.D. (Gentele), appeals the final order issued by the DOAH hearing officer denying his application for attorney's fees and costs under the Florida Equal Access to Justice Act (FEAJA), Section 57.111, Florida Statutes. The Department of Professional Regulation (DPR) cross-appeals, contending that the hearing officer erred in his conclusion that Gentele was a small business party under section 57.111(3)(c). We hold that the hearing officer correctly denied an award of attorney's fees in determining that the actions of the DPR were "substantially justified" within the meaning of section 57.111(3)(e), and therefore decline to address the issue raised in the cross-appeal.
Section 57.111 provides that attorney's fees and costs shall be made to a prevailing small business party in any adjudicatory proceeding or administrative proceeding under chapter 120 initiated by a state agency, unless the actions of the agency were substantially justified, or special circumstances exist which would make the award unjust. A proceeding is "substantially justified" if it had a reasonable basis in law and fact at the time it was initiated by the agency. Section 57.111(3)(e).
In the case at bar, the proceeding was the culmination of a decision initiated by the Board of Optometry Probable Cause Panel, recommending to DPR the filing of *673 an administrative complaint against appellant, a licensed optometrist, on charges, first, that he violated Florida Administrative Code Rule 21Q-3.007 and Section 463.016(1)(g), (h) and (n), Florida Statutes, by failing, among other things, to perform a visual analysis on a patient in accordance with minimum procedures, and second, by failing to perform a visual analysis on an undercover investigator hired by the Board. Count I of the administrative complaint was ultimately sustained and Count II dismissed,[1] and appellant's license was suspended as to violations alleged in Count I, to be followed by certain conditions for reinstatement.
In concluding that the administrative disciplinary proceeding against Dr. Gentele was substantially justified, we follow persuasive federal authority. The FEAJA is modeled after the Equal Access to Justice Act, 5 U.S.C. Section 504. We have recognized that "[i]f a Florida statute is patterned after a federal law, on the same subject, it will take the same construction in the Florida courts as its prototype has been given in the federal courts insofar as such construction is harmonious with the spirit and policy of Florida legislation on the subject." Pasco County School Board v. Florida Public Employee Relations Commission, 353 So.2d 108, 116 (Fla. 1st DCA 1977).
DPR's determination to prosecute essentially turned on a credibility assessment of the investigator's testimony and, as such, had a reasonable basis in law and fact. See Temp Tech Industries, Inc. v. NLRB, 756 F.2d 586 (7th Cir.1985) (decision to litigate an issue that turned on a credibility assessment was not itself unreasonable); Natchez Coca-Cola Bottling Co. v. NLRB, 750 F.2d 1350 (5th Cir.1985) (lack of credibility of witness' testimony was not so clear that no reasonable general counsel would have prosecuted the claim).
Having found that DPR was substantially justified in its actions, we find it unnecessary to address appellee's issue on cross-appeal.
AFFIRMED.
WIGGINTON, J., and FRANK, RICHARD H., Associate Judge, concur.
NOTES
[1] As to this count, the hearing officer found that because the two counts were independent from the other, charging two separate acts, appellant, although considered by him to be a prevailing party in Count II, was not entitled to attorney's fees and costs because the actions taken by DPR were substantially justified.