KAHN, Judge.
This is an appeal from a final order entered by an administrative law judge (ALJ) of the Division of Administrative Hearings. In that order, the ALJ declined to award appellant, Sarny Helmy, attorneys’ fees pursuant to section 57.111, Florida Statutes (1991). We reverse.
In 1992, appellant Helmy’s license to practice veterinary medicine in Florida had been suspended by the Department of Business and Professional Regulation (Department), effective December 23,1991. As a result of a “sting” operation in Dr. Helmy’s veterinary clinic, the Department issued a complaint against Dr. Helmy on March 3, 1992, accusing Helmy of unlawful practice of veterinary medicine with a suspended license. After an investigation, the Department’s chief attorney closed the file and terminated the investigation on September 16, 1993. Thereafter, for reasons unexplained in the record, the panel of the Board of Veterinary Medicine, on November 30, 1993, during a telephone conference, entered a finding of probable ea¡use against Helmy on the charges that had been originally brought up in March 1992. The Department filed a formal administrative complaint against Dr. Helmy on December 30, 1993. The Department dismissed this complaint in July 1996,and Helmy thereafter filed his petition for attorneys’ fees and costs pursuant to section 57.111.
Section 57.111(4)(a), Florida Statutes (1991), provides:
Unless otherwise provided by law,, an award of attorneys’ fees and costs shall be made to a prevailing small business party in any adjudicatory proceeding or administrative proceeding pursuant to chapter 120 initiated by a state agency, unless the actions of the agency were substantially justified or special circumstances exist which would make the award unjust.
In the hearing before the ALJ, no dispute existed concerning petitioner’s status as both the prevailing party in the underlying administrative prosecution and as a small business party. Nevertheless, the ALJ found against Helmy on the issue of entitlement to attorneys’ fees, concluding that the Department could have reasonably drawn the conclusion *368 that Dr. Helmy was performing veterinary practice without being properly supervised.
Once the party seeking fees under the statute proves it is a small business, as defined by section 57.111, and is the prevailing party, the burden shifts to the government agency to show that its action in initiating the proceeding was “substantially justified.” “[I]t is the agency which must affirmatively raise and prove the exception.” Gentele v. Department of Prof. Reg., Bd. of Optometry, 9 F.A.L.R. 310, 327 (Div. of Admin. Hearings 1986), aff'd 513 So.2d 672 (Fla. 1st DCA 1987). “A proceeding is ‘substantially justified’ if it had a reasonable basis in law and fact at the time it was initiated by a state agency.” § 57.111(3)(e), Fla. Stat. (1991). In commenting upon the analogous Federal Equal Access to Justice Act, the United States Supreme Court found “substantially justified” to mean:
“justified in' substance or in the main”— that is, justified to a degree that could satisfy a reasonable person. That is no difference from the “reasonable basis both in law and fact” formulation adopted by ... the vast majority of other Courts of Appeals that have addressed this issue.... To be “substantially justified” means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which á reasonable person would approve.
Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988).
Accordingly, in terms of Florida law, the “substantially justified” standard falls somewhere between the no justiciable issue standard of section 57.105, Florida Statutes (1991), and an automatic award of fees to a prevailing party. See Alario v. Department of Prof. Reg., Div. of Real Estate, 10 F.A.L.R. 2134 (Div. of Admin. Hearings 1988); McCallaster v. Department of State, Div. of Licensing, 9 F.A.L.R. 4064 (Div. of Admin. Hearings 1986).
The probable cause panel met by telephone on November 30, 1993. At that time, they considered the report of the Department’s investigator concerning Dr. Helm/s actions. The issue before the Board was whether probable cause existed to believe that Dr. Helmy violated section 474.214(l)(g), Florida Statutes (1991), by practicing veterinary medicine with a suspended license. The record on appeal contains the following transcript of the Board’s discussion’ on this issue:
CHAIRMAN: In your material you have copies of the police report, the advertisements for thé facility, photocopies of the receipt and medications that were dispensed to the investigator, as well as the receipt that was dispensed to the Sheriffs Officer.
I will turn it over to panel for discussion
DR. JONES: .What do you think, Louise?
MS. COURTELIS: Oh, I think this is bad.
DR. JONES: I think we have finally got Dr. Helmy here. We definitely have probable cause.
MS. COURTELIS: My recommendation is for him to have a suspension, a fine.
DR. JONES: He is already suspended.
MS. COURTELIS: All right.
DR. JONES: That is the sad thing. I think it is about time to take his license away.
MS. COURTELIS: That is what I mean.
DR. JONES: I mean, I have listened to Dr. Helmy, let me see, for four, five years now. I am getting tired of listening to Dr. Helmy, but anyway, that is up to the Board to decide. I mean, the rest of the Board. I guess we could make our recommendation. I think that revocation is party of the recommendation, isn’t it?
THE CHAIRMAN: Dr. Jones, I presume—
MS. COURTELIS: And I would like all of our expenses to be covered by this person.
DR. JONES: Well, I -have a feeling if we revoke his license, then that will be it. He won’t — he won’t be trying to pay any of our bills.
CHAIRMAN: May I make a suggestion, and I am sure that Mr. Pellett appreciates your discussion as it relates to penalty, but me, I am one of those sticklers for details. *369 Could I please hear a motion on a finding of probable cause?
DR. JONES: Yes
MS. COURTELIS: I so move.
DR. JONES: Second
THE CHAIRMAN: Directing the Department to proceed with the filing of the administrative complaint?
DR. JONES: Right.
MS. COURTELIS: With a recommendation of revocation.
THE CHAIRMAN: Thank you.
A VOICE: Thank you.
DR. JONES: Okay, let’s go on to the next one.
Appellant argues that the Board’s actions were cursory and demonstrate no meaningful inquiry into the applicable facts or law concerning the charges against Dr. Helmy. Specifically, appellant notes that the transcript contains no discussion as to whether the applicable law was violated, no recognition or discussion of the fact that there was a licensed veterinarian on the premises, no discussion of the fact that Dr. Helmy was working under the immediate supervision of a licensed veterinarian, and no discussion of the exceptions under the Veterinary Medical Practice Act, Chapter 474, Florida Statutes, that allow veterinary aides to do numerous activities, some of which require immediate supervision, and some of which do not require any supervision. Moreover, argues appellant, the probable cause panel focused almost entirely on the question of penalty, rather than on the question of probable cause.
The ALJ made the following findings concerning the actions of the Department through its investigator, Mr. Scheid:
4. In the investigator’s report, page 10, reference is made to his interview with RFS (Dr. Strahler) as follows:
“On February 27, 1992 investigator made phone contact with RFS. He advised he had only worked for subject; February 14,1992, Friday, all day; February 15, 1992, Saturday, one-half day; and February 21, 1992, Friday, all day. During questioning RFS, with hesitation, did advise that subject was conducting surgeries, with or without RFS assistance. Further advised, he would cooperate as the last day he worked for subject, he found out the subject’s license was suspended. After contacting investigator Sowder, Marion County Sheriff’s Office, a meeting with State Attorney for a sworn statement was set for March 4,1992, at 2:00 p.m.”
5. There are a number of interviews of animal owners who took their animals to Dr. Helmy, for examination and/or treatment. Descriptions of these interviews are recounted in the investigator’s report. The results of those interviews indicate that Dr. Helmy, was performing veterinary practice in terms of diagnosing, taking blood samples, and performing various aspects of treatment. (See the Respondent’s proposed Findings of Fact numbers six through sixteen, adopted here by reference). Although Dr. Helmy, could perform veterinary practice under the statute cited below, so long as he was supervised by a duly licensed veterinarian in good standing with the Board, the interview of Dr. Strahler (“RFS”) indicates that indeed he may have been practicing without any supervision on some occasions. The important point is that the investigator had sufficient investigative facts to have a good faith belief that he had discovered the Petitioner, practicing with a suspended license, without proper supervision by a duly licensed veterinarian on the premises. He could thus reasonable [sic] conclude than that the Petitioner was not in compliance with the statute concerning supervision cited below.
Despite the findings of the ALJ, appellant convincingly argues that the Veterinary Medical Practice Act provides a specific definition for “immediate supervision,” and that definition is different, perhaps, from common understanding. Specifically, section 474.202(5), Florida Statutes (1991), defines immediate supervision to mean “a licensed doctor of veterinary medicine is on the premises whenever veterinary services are being provided.” We agree with appellant’s assertion that nothing in the proceedings before the probable cause board suggests that the *370 members of the board even had an awareness of, much less considered, the- statutory-definition of supervision, in the veterinary practice context. We hold, that in order to be substantially justified, an agency must, at the very least, have a working knowledge of the applicable statutes under which it is proceeding. Accordingly, the order denying attorneys’ fees is REVERSED, and the case is REMANDED to the Division of Administrative Hearings for further proceedings.
BARFIELD, C.J., and DAVIS, J., concur.