WOLF, C.J.
Appellant challenges a final order of the Department of Administrative Hearings granting appellee’s motion for attorney’s fees and costs. We determine that the Administrative Law Judge (“ALJ”) improperly granted fees pursuant to section 57.111, Florida Statutes, and reverse.
The appellee, Raymond H. Cralle, was a licensed physical therapist in the State of Florida when a complaint was filed against him by H.M., a woman who had worked for Cralle as a physical therapist technician. The complainant stated that she was required to write Mr. Cralle’s SOAP notes in violation of statutes and rules regarding *931 delegation of duties to unlicensed personnel.[1] Based upon the complaint, the Department initiated an investigation.
Prior to bringing the matter before the Board of Physical Therapy’s probable cause panel, the Department sent the result of its investigation to an expert for review. The expert’s opinion concluded that based upon the information provided by the complainant, Cralle had violated section 486.125(l)(e), Florida Statutes, and rule 64B17-6.007(6), Florida Administrative Code, by delegating to the complainant the responsibility for writing SOAP notes which requires the special knowledge and skill of a physical therapist or physical therapist assistant. The expert rejected Cralle’s explanation that he allowed H.M. to prepare SOAP notes as part of her educational training, stating that there was no contract between the clinic and the school and a student working as a technician would be considered unlicensed personnel. Cralle did not dispute the substance of the allegations made by H.M. prior to the probable cause determination.
The full investigative report and the expert’s report were sent to the probable cause panel for consideration along with the material submitted by Cralle which included excerpts of textbooks used in classes taken by H.M. to demonstrate that H.M. had been taught how to write SOAP notes during the course of her education. A probable cause panel meeting was held on April 24, 2001, at which Cralle’s case was discussed. The probable cause panel voted in favor of filing an administrative complaint against Cralle.
Cralle was charged by the Department with violating section 486.125(1), Florida Statutes, and specified provisions of the Florida Administrative Code for delegating the responsibility of writing SOAP notes to a physical therapist technician, for delegating activities that require the special knowledge and judgment of the physical therapist, for delegating portions of the skilled physical therapy functions to lesser trained health personnel, for delegating either evaluation or reevaluation of patients, and for allowing unlicensed personnel to document progress notes other than tasks and activities of a patient.
Following an administrative hearing, the ALJ recommended that the Department enter a final order dismissing all charges against Cralle. The ALJ found that the complainant’s testimony was not credible; she described the complainant as hostile, prosecutorial, and unstable. The ALJ also rejected the complainant’s version of what took place because she found that the explanation given by Cralle at the hearing made more sense to her, that explanation being that Cralle merely dictated notes for the technician to record as opposed to allowing her to write SOAP notes on her own.[2] On February 8, 2002, the Department filed a final order of dismissal in that case, adopting the ALJ’s recommended findings and conclusions.
Cralle filed a motion for attorney’s fees and costs under section 57.111, Florida Statutes, the Florida Equal Access to Justice Act. The Department responded to the motion for fees and costs by arguing that the underlying action was substantially justified based on the information that was presented to the probable cause panel; thus, Cralle was not entitled to fees under section 57.111. The ALJ who ruled on the fees motion was the same ALJ who presided over the administrative hearing and recommended dismissing the action against Cralle. The ALJ granted Cralle’s *932 motion, stating that at the time of the probable cause hearing “it was known or at least knowable that [H.M.] fit the profile of a “stereotypical ‘disgruntled former employee.’ ” The ALJ also noted that at the probable cause stage of the proceedings, the Department’s expert recommended that at least some of the witnesses who could have been expected to corroborate H.M.’s testimony be interviewed. The ALJ stated, “With this red flag flying, and Cralle’s attorney protesting that [H.M.’s] story should be corroborated in some fashion before the litigation was set in motion, the Department elected to proceed on a needlessly thin investigation.”
Section 57.111, Florida Statutes, provides for awards of attorney’s fees and costs in judicial as well as administrative proceedings and is designed to reimburse small businesses defending against or seeking review of “unreasonable governmental action.” Section 57.111(4)(a) provides for fees and costs to be awarded unless the agency action was “substantially justified”:
Unless otherwise provided by law, an award of attorney’s fees and costs shall be made to a prevailing small business party in any adjudicatory proceeding or administrative proceeding pursuant to chapter 120 initiated by a state agency, unless the actions of the agency were substantially justified or special circumstances exist which would make the award unjust.
(Emphasis added.) Under section 57.111(3)(e), “[a] proceeding is “substantially justified” if it had a reasonable basis in law and fact at the time it was initiated by a state agency.”
In resolving whether there was substantial justification or a reasonable basis in law and fact for filing an administrative complaint, “one need only examine the information before the probable cause panel at the time it found probable cause and directed the filing of an administrative complaint.” Fish v. Department of Health, Bd. of Dentistry, 825 So.2d 421, 423 (Fla 4th DCA 2002); see also Agency for Health Care Admin. v. Gonzalez, 657 So.2d 56 (Fla. 1st DCA 1995); Gentele v. Department of Prof'l Regulation, Bd. of Optometry, 513 So.2d 672 (Fla. 1st DCA 1987); Kibler v. Department of Prof'l Regulation, 418 So.2d 1081 (Fla. 4th DCA 1982). Contrary to relevant law, the analysis of the ALJ in the order on fees being appealed was influenced by consideration of evidence which was presented at the hearing rather than being focused solely on whether the decision of the probable cause panel had a reasonable basis in law and fact.
In reaching its decision in this ease, the probable cause panel considered the Department’s investigative report, the complaint of H.M., the report of the Department’s expert, and Cralle’s response to the allegations made by the complainant. The ALJ’s determination that H.M. was not a credible witness at the hearing does not provide a legitimate basis for concluding that the probable cause panel’s action was not substantially justified; the probable cause panel members relied upon H.M.’s written complaint. The panel had no reason to believe that the complainant would appear “hostile, argumentative, and prosecutorial” at the hearing or that she was a “stereotypical disgruntled former employee.”
As a basis for the ALJ’s conclusion that the department’s action was not substantially justified, the ALJ stated that “at least a half-dozen witnesses could have been expected to corroborate [H.M.’s] testimony,” noting that the Department’s expert recommended that corroborating witnesses be interviewed. However, the expert’s report states un *933 equivocally that “[t]he information submitted seems sufficient to believe that F.S. 486.126(l)(e) and Rule 64B17-6.007(6) were violated.”
While it may have been more prudent to interview witnesses, at the time of the probable cause panel meeting, the panel had no reason to doubt H.M.’s credibility, especially because Cralle did not deny the facts contained in the complaint against him, but rather defended his actions by claiming that H.M. was a student and could take SOAP notes as part of her educational training. It was not until the hearing that Cralle asserted a very different defense — that he merely dictated his notes for H.M. to transcribe. That defense was never presented to the panel.
The entire focus of the panel’s deliberation was on Cralle’s defense that H.M. was a student and on whether the delegation of SOAP notes was beyond the scope of H.M.’s training and ability as a student. The Department’s expert stated in her report that as a student the complainant would not be allowed to write SOAP notes as that is beyond the scope of a technician’s duties; furthermore, the expert stated, “When a student is working as a technician, they fall under the definition of unlicensed personnel as they do not hold a current license as a [physical therapist] .... It makes no difference that [H.M.] had courses on SOAP notes.” In reading the transcript of the probable cause panel meeting, it becomes apparent that the ultimate determination of probable cause in favor of filing an administrative complaint against Cralle was based on the fact that the complainant was a student performing unauthorized duties at the direction of Cralle — a fact which was undisputed at the time of the probable cause determination. Subsequent discoveries do not vitiate the reasonableness of the actions of the board at the time they made their probable cause determinations. See Agency for Health Care Admin. v. Gonzalez, 657 So.2d at 56.
The award of attorney’s fees is reversed.
LEWIS and POLSTON, JJ„ concur.

. SOAP is an acronym for Subjective-Objective-Assessment-Plan.

. Dr. Cralle had not offered this explanation prior to the determination of probable cause.