CASANUEVA, Judge.
Casa Febe Retirement Home, Inc., d/b/a Home is Where the Heart Is, appeals the determination of the administrative law judge (ALJ) that it was not entitled to an award of attorney’s fees after it prevailed against an administrative complaint filed by the Agency for Health Care Administration (AHCA). Because the ALJ misapplied the law, we reverse.
BACKGROUND
A resident of Casa Febe was discharged from the hospital after treatment for several conditions, including a urinary tract infection, and was returned to the retirement home. The discharge instructions for the resident outlined the medications that the resident should take. One of these instructions was for a certain oral antibiotic for continuing treatment of the urinary tract infection. The packet sent home with the resident also contained prescriptions for all the needed medications except the prescription for the antibiotic to combat the urinary tract infection. A few days later the resident was rehospitalized for a recurrence of that infection.
An administrative investigation, a “survey,” ensued. The surveyor reported that there was a prescription for the antibiotic in the resident’s file, so he recommended the filing of an administrative complaint. AHCA filed the administrative complaint charging Casa Febe with a violation of Florida Administrative Code Rule 58A-5.0185(7)®, which requires Casa Febe to “make every reasonable effort to ensure that prescriptions for residents who receive assistance with self-administration or medication administration are refilled in a timely manner.” After holding an eviden-tiary hearing, the ALJ decided that Casa Febe was not guilty of the omission alleged in the complaint. The ALJ’s conclusion was based partly on his finding of fact that the prescription never existed, so Casa Febe could not have failed to fill it. Furthermore, even if the prescription had existed, the failure to fill it could not be a violation of the rule because the rule only addressed the failure to refill an existing prescription.[1] Finally, the ALJ concluded that AHCA’s case was based on two flawed *1105 interpretations of the rule: first, that the rule requires “filling” as well as “refilling”; second, that retirement homes must ensure that a physician actually write prescriptions for medications included in discharge instructions. The ALJ deemed such interpretations unpromulgated rules that AHCA could not rely upon in penal proceedings.
Because it prevailed in the administrative proceeding, Casa Febe requested an award of $10,889 for its attorney’s fees and costs. See § 57.111, Fla. Stat. (2002). Following a hearing, the ALJ denied the request for fees and costs, finding that AHCA was substantially justified in initiating the underlying case. This conclusion was based partially on his finding that AHCA had a solid basis in fact for the position that it took at the outset, even though the fact it relied upon — the survey- or’s claim that the prescription did exist in the resident’s file — was later found not credible. In addition to finding that AHCA had a reasonable basis in fact, the ALJ found that AHCA had a “solid, although not necessarily legally correct, basis” for initiating the proceedings.
ANALYSIS
Casa Febe met all the prerequisites of section 57.111 (a small business with fewer than twenty-five employees and assets of less than two million dollars at the time of initiating the action) to entitle it to fees and costs as long as AHCA was not substantially justified in initiating the underlying case or special circumstances existed that would make the award unjust. The meaning of “substantially justified” is at the heart of this case.
In McDonald v. Schweiker, 726 F.2d 311 (7th Cir.1983), the court held that “ ‘substantially justified’ does not mean ‘nonfriv-olous’.... It means that the government must have a solid though not necessarily correct basis in fact and law for the position that it' took in this action.” Id. at 316 (emphasis added). See also Dep’t of Health & Rehab. Servs. v. S.G., 613 So.2d 1380 (Fla. 1st DCA 1993) (adopting federal standard as expressed in McDonald); Fish v. Dep’t of Health, Bd. of Dentistry, 825 So.2d 421 (Fla. 4th DCA 2002). We will address both prongs of the test, a basis in fact and a basis in law.
The .record contains substantial, competent evidence for the ALJ’s finding that AHCA had a substantial basis in fact to initiate these proceedings, despite the ALJ’s rejection of the surveyor’s testimony at the hearing. The First District held in Department of Health, Board of Physical. Therapy Practice v. Cralle, 852 So.2d 930 (Fla. 1st DCA 2003), that an ALJ’s determination that the licensee's employee was not credible when testifying about the licensee’s alleged violations did not render the probable cause panel’s decision to pursue an administrative complaint unreasonable or unjustified. This was so because there was no basis to doubt the complainant’s written allegations of violation at the time the probable cause panel decided to initiate the proceedings. At the time AHCA decided to file the complaint against Casa Febe, its surveyor had found an unfilled prescription for needed medication in the resident’s file. Because one of Casa Febe’s duties was to aid its residents in taking their medications, this constituted a solid basis in fact to proceed. Although the surveyor was subsequently found not.credible, that fact alone is not sufficient to find that AHCA should not have relied upon his report at the beginning. See Gentele v. Dep’t of Prof'l Regulation, Bd. of Optometry, 513 So.2d 672 (Fla. 1st DCA 1987) (holding that the agency’s determination to prosecute the licensee turned on a credibility assessment of its investigator’s testimony and thus it had a reasonable basis); Temp Tech Ind *1106 us., Inc. v. NLRB, 756 F.2d 586 (7th Cir.1985) (concluding that the decision to litigate an issue that turned on a credibility assessment is not itself unreasonable); Natchez Coca-Cola Bottling Co. v. NLRB, 750 F.2d 1350 (5th Cir.1985) (finding that the lack of credibility of a witness’s testimony was not so clear that no reasonable general counsel would have prosecuted the claim).
We next address whether AHCA’s complaint had a solid basis in law. Administrative rule 58A-5.0185(7)(f) provides: “The facility shall make every reasonable effort to ensure that prescriptions for residents who receive assistance with self-administration or medication administration are refilled in a timely manner.” AHCA claimed that Casa Febe had neglected to “fill” this new prescription, not that it neglected to “refill” it. In essence, AHCA claimed a violation of a rule that did not exist and ultimately tried to prove a violation of something else. The ALJ recognized this in his order when he found:
In the absence of a prescription slip, the failure to note the discharge instructions may have violated a rule of the agency, but the failure to note the discharge summary did not violate the rule requiring [Casa Febe] to take appropriate steps to “refill” a prescription.
[[Image here]]
For reasons cited in the Recommended Order in the underlying case, an agency cannot charge the facility with violating one rule and prove that the facility violated a rule not cited in the Administrative Complaint. To do so, would violate fundamental principles of due process as well as essential requirements of the Administrative Procedure Act.
[[Image here]]
... Respondent had “a reasonable basis in fact” for initiating the action. Respondent had a solid, although not necessarily legally correct, basis for the position that Respondent took. See McDonald v. Schweiker, 726 F.2d 311, 316 (7th Cir.1983)....
As the ALJ concluded, it is a “fundamental principle of due process” that Casa Febe could not be held liable for violating an administrative rule — one requiring that prescriptions be filled — that did not exist. Therefore, AHCA did not possess a solid or even a reasonable basis in law to initiate this action. AHCA could only have had a reasonable legal basis to initiate an action if Casa Febe had failed to refill the prescription as required by the regulation. To be “substantially justified,” the government must have a solid basis in both fact and law. McDonald, 726 F.2d at 316. AHCA was not substantially justified in initiating the complaint it did because it had met only one of the two requirements.
CONCLUSION
“[Wjhile governmental action may not be so unfounded as to be frivolous, it may nonetheless be based on such an unsteady foundation factually and legally as not to be substantially justified.” S.G., 613 So.2d at 1386. This is such a case. Accordingly, we reverse the ALJ’s order denying attorney’s fees and costs to Casa Febe and remand with instructions to grant its request.
KELLY and WALLACE, JJ., concur.

. The ALJ additionally concluded that while the administrative complaint alleged that Casa Febe neglected to fill an existing prescription, AHCA sought to prove at the hearing that Casa Febe erred by failing to (a) compare the discharge instructions with the prescriptions issued, (b) remind the prescribing physician that he or she had failed to include the antibiotic prescription, (c) retrieve the pretermitted prescription, (d) deliver it to the pharmacist, and then (e) ensure that the pharmacist timely filled the new prescription. Thus, the ALJ found that the administrative complaint had failed to provide Casa Febe with adequate notice of the charges against it.