BROWNING, J.
The Department filed a disciplinary action against Appellee, which was eventual *401 ly dismissed with prejudice. Thereafter, Appellee moved for an award of attorney’s fees and costs under section 57.111, Florida Statutes. The ALJ awarded such fees and costs, and Appellant seeks relief.
Section 57.111 provides for such an award “to a prevailing small business party in any adjudicatory proceeding initiated by a state agency, unless the actions of the agency were substantially justified or special circumstances exist which would make the award unjust.” § 57.111(4)(a), Fla. Stat. (2002). The parties stipulated that Appellee is a small business party and that no special circumstances exist here. The Department was obligated to prove that the disciplinary action was substantially justified, having “a reasonable basis in law and fact at the time it was initiated by a state agency.” § 57.111(3)(e), Fla. Stat. (2002).
Here, we conclude that the Department did make such a showing, in that one of the three expert opinions before the Department indicated that Appellee did not meet the standard of care. The AL J’s factual conclusions that the panel did not consider two of the expert opinions and that the decision to prosecute did not include a consideration of the credibility of the expert witnesses are unsupported by competent substantial evidence. The Department was free to believe the opinion of one expert despite the existence of two expert opinions to the contrary because a decision to prosecute that turns on a credibility assessment has a reasonable basis in fact and law. See Gentele v. Dep’t of Prof'l Regulation, Bd. of Optometry, 513 So.2d 672, 673 (Fla. 1st DCA 1987).
REVERSED and REMANDED.
LEWIS and POLSTON, JJ., CONCUR.