HAWKES, J.
 

 This appeal concerns whether the Division of Administrative Hearings (DOAH) properly found that MVP Health, Inc. (MVP) was entitled to attorney's fees and costs under section 57.111, Florida Statutes (2010). MVP requested fees because it had successfully challenged a decision made by the Agency, for Health Care Administration (AHCA).
 

 In particular, AHCA — the state agency responsible for licensing home health care facilities — had withdrawn an application for licensure filed by MVP as incomplete. AHCA rejected the application as it found MVP had provided insufficient information to verify its current controlling interests, and had lost its accreditation.
 

 MVP challenged the withdrawal of its application to DOAH. Following a hearing before an Administrative Law Judge (ALJ), the matter was referred back to AHCA, which issued an order stating:
 

 The evidence presented in this matter demonstrates that the Agency erroneously found [MVP’s] initial licensing application to be incomplete. In actuality the [ ] application was complete, and [MVP] met all the requirements for li-censure at the time the application was submitted. Thus, the Agency should have approved [MVP’s] licensure application.
 

 After receiving this favorable order, MVP moved for attorney’s fees pursuant to section 57.111(4)(a), Florida Statutes (2010). AHCA objected to the fees request, arguing that its concerns over MVP’s ownership and accreditation provided “substantial justification” for issuing the Notice of Withdrawal. DOAH disagreed with AHCA. Following another evi-dentiary hearing focusing exclusively upon the fees issue, DOAH issued the order on appeal awarding attorney’s fees and costs to MVP under section 57.111(4)(a). We reverse.
 

 The “Substantial Justification” Standard
 

 Section 57.111(4)(a) states fees may be awarded in the following circumstances:
 

 Unless otherwise provided by law, an award of attorney’s fees and costs shall be made to a prevailing small business party in any adjudicatory proceeding or administrative proceeding pursuant to chapter 120 initiated by a state agency, unless the actions of the agency were substantially justified or special circumstances exist which would make the award unjust.
 

 (emphasis added). Section 57.111(4)(a) states that a state agency may avoid fees if its action was “substantially justified.” It is the burden of the state agency to show that this exception applies.
 
 See Helmy v. Dep’t of Bus. & Prof'l Regulation,
 
 707 So.2d 366, 368 (Fla. 1st DCA 1998). Here, AHCA claims two facts “substantially justified” its decision to issue the Notice of Withdrawal: (1) the ongoing litigation over MVP’s ownership; and (2) its concern over MVP’s accreditation. We agree.
 

 An action is “substantially justified” if the state agency had a “reasonable basis in law and fact” to initiate it. § 57.111(3)(e), Fla. Stat. (2010). This Court has found an agency cannot satisfy the “substantial justification” standard simply by showing an action was “not frivolous.” This is because “while governmental action may not be so unfounded as to
 
 *1144
 
 be frivolous, it may nonetheless be based on such an unsteady foundation factually and legally as not to be substantially justified.”
 
 Dep’t of Health & Rehab. Servs. v. S.G.,
 
 613 So.2d 1380, 1386 (Fla. 1st DCA 1993). On the other hand, the standard is not so strict as to require the agency to demonstrate that its action was correct.
 
 Id.,
 
 quoting
 
 McDonald v. Schweiker,
 
 726 F.2d 311, 316 (7th Cir.1983) (stating the government need not have a “necessarily correct basis [] for the position that it took”). The “substantial justification” standard lies between these two extremes. The closest approximation is that if a state agency can present an argument for its action “ ‘that could satisfy a reasonable person[,]’ ” then that action should be considered “substantially justified.”
 
 Helmy,
 
 707 So.2d at 368, quoting
 
 Pierce v. Underwood,
 
 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).
 

 An additional consideration when evaluating an agency’s action under section 57.111 is that the inquiry is limited only to whether the agency had a “reasonable basis in law and fact at the time” it took the action. § 57.111(3)(e), Fla. Stat. (2010) (emphasis added). The reviewing body— whether DOAH or a court—may not consider any new evidence which arose at a fees hearing, but must focus exclusively upon the information available to the agency at the time that it acted.
 
 See Dep’t of Health, Bd. of Physical Therapy Practice v. Cralle,
 
 852 So.2d 930, 932 (Fla. 1st DCA 2003) (criticizing an ALJ for being “influenced by consideration of evidence which was presented at [a fees] hearing rather than being focused solely on whether the [agency’s underlying] decision had a reasonable basis in law and fact”).
 

 Accordingly, the question is whether there was a reasonable basis in law and fact for AHCA’s decision to withdraw MVP’s application, based on the information available to AHCA at the time of the withdrawal.
 

 AHCA’s concern over MVP’s ownership
 

 At the time it was reviewing MVP’s license application, AHCA knew the controlling statute required the application to include the names, addresses, and social security numbers of each individual with a controlling interest in MVP.
 
 See
 
 § 408.806(l)(a)(4), Fla. Stat. (2010). AHCA also knew from the license application itself that Rey Gomez claimed to be the sole owner of MVP. However, MVP had included with its license application a letter informing AHCA of litigation contesting Gomez’s sole ownership claim. The letter promised to keep AHCA advised as to the lawsuit’s status. When AHCA later asked MVP to update the status of the dispute, MVP simply reiterated its claim that Gomez was its exclusive owner and stated that the litigation was continuing.
 

 Considering the content of the letter, a reasonable person might believe the application did not contain all of the information required concerning MVP’s ownership. We are not required to find whether AHCA was correct in withdrawing the application. The question before us is simply whether AHCA had “substantial justification” for doing so. Given the uncertainty MVP created concerning its ownership, we find “substantial justification” existed. We emphasize that MVP apparently felt at the time that the dispute was serious enough to warrant AHCA’s attention. It is ironic that MVP now wants to collect attorney’s fees simply because action was taken on a concern that it personally raised.
 

 AHCA’s concern over MVP’s accreditation
 

 AHCA knew at the time it withdrew the application that, pursuant to section 400.471 (2)(h), Florida Statutes (2010),
 
 *1145
 
 MVP had to provide proof of accreditation to be licensed. It also knew at that time that MVP’s accreditation was current, as MVP had submitted proof of accreditation with the Joint Commission on Accreditation of Healthcare Organizations (the Joint Commission). However, the Joint Commission had notified AHCA by e-mail that although MVP was technically still accredited, proceedings had begun to terminate that accreditation. The Joint Commission indicated MVP no longer qualified for accreditation because, shortly after it submitted its licensing application, it had ceased operating. The e-mails from the Joint Commission to AHCA clearly indicated that MVP’s disaccreditation was certain and imminent. On this basis, a reasonable person could find AHCA was “substantially justified” in withdrawing the application as incomplete.
 

 Again, the question here is not whether AHCA acted correctly in withdrawing the application, but whether its decision was “substantially justified.” AHCA stated in the Notice of Withdrawal that it was dismissing the application because MVP’s accreditation had been “terminated.” This claim was not true, as the Joint Commission at that point had only begun the disaccreditation process, not completed it. However, the information available to AHCA at that time indicated it was a foregone conclusion that MVP would soon be disaccredited. For this reason, AHCA was “substantially justified” in withdrawing the application.
 

 Conclusion
 

 AHCA’s Notice of Withdrawal was reasonably based on the uncertainty eoneern-ing MVP’s ownership and accreditation. This uncertainty “substantially justified” its decision. We therefore find that attorney’s fees and costs should not have been awarded pursuant to section 57.111(4)(a). The order is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.
 
 [1]
 

 MARSTILLER and RAY, JJ., concur.
 

 [1]
 

 . We note that DOAH’s order adopted several additional legal conclusions made by the ALJ in support of awarding fees. These conclusions included the determination that AHCA was time barred from raising any concerns about accreditation under section 408.806(3)(a), Florida Statutes (2010), and the determination that AHCA should have granted the application by default under section 408.806(3)(c), Florida Statutes (2010). We have examined each of these conclusions and reject them without further comment. The award of fees must still be reversed.