APTE, A.S., Associate Judge.
William McCloskey seeks review of a final order of the Department of Financial Services (“the Department”), which suspended his insurance licenses for six months for selling viatical settlement[1] purchase agreements that were not registered as securities. We reverse and remand.
In 2011, the Department filed a three-count administrative complaint against McCloskey alleging he violated various sections of chapter 626, Florida Statutes (2003), which regulate the conduct of insurance agents. Specifically, the complaint alleged that between December 2003 and March 2004, McCloskey solicited three individuals to invest in viatical settlements issued by Mutual Benefits Corporation (“Mutual Benefits”). The complaint further alleged that the viatical settlements were securities and that neither Mutual Benefits nor McCloskey was registered to sell securities in Florida.
Following a formal hearing, an administrative law judge (“ALJ”) issued a recommended order concluding that McCloskey violated section 626.611(16), Florida Statutes,[2] by selling an unregistered security that was required to be registered pursuant to chapter 517. Consequently, the ALJ proposed a two-month suspension for each of the three violations. After both parties filed exceptions, the Department adopted the recommended order and, in addition, found that McCloskey violated section 626.611(7).[3] The Department also approved the proposed penalty and suspended all of McCloskey’s insurance licenses for six months.
On appeal, McCloskey argues that the Department erred as a matter of law in concluding the viatical settlement contracts sold in 2003 and 2004 were securities un *443 der Florida law that had to be registered under chapter 517. He also contends that the ALJ’s factual findings were not supported by the evidence and that the ALJ erred in concluding that insurance agents had to possess securities licenses to sell viatical settlements in 2003 and 2004.
We review an administrative agency’s adjudicative findings for competent substantial evidence. Keen v. Dep’t of Bus. & Prof'l Regulation, 920 So.2d 805, 807 (Fla. 5th DCA 2006). In addition, we review the ALJ’s interpretation of the law de novo and the agency’s interpretation of the law for clear error. Matteini v. Fla. Birth-Related, Neurological, 946 So.2d 1092, 1094 (Fla. 5th DCA 2006).
The record evidence shows McCloskey began selling insurance in 1987. In 2002 and 2003, McCloskey held a life and health insurance license allowing him to sell life, disability income, long-term care and annuity products, as well as a property and casualty license. Prior to this case, he was never the subject of a disciplinary action.
In late 2003, McCloskey became an appointed agent for Mutual Benefits which, as far as he knew, was licensed by the Office of Insurance Regulation (“OIR”). McCloskey was not familiar with viatical settlements and was informed by Mutual Benefits that they were an insurance product. McCloskey called the Department of Banking[4] and asked if viatical settlements were considered an insurance product or security, and was told they were regulated as insurance. The information he gathered from the Department of Banking’s website also led him to believe the settlements were regulated as insurance. McCloskey used viatical settlement agreement forms that were approved by the OIR. He never represented that viatical settlements were securities or made any guarantees concerning the outcome of their purchase.
In its recommended order, the ALJ noted that when McCloskey sold the viatical settlements in 2003 and 2004, the settlements were regulated by the Viatical Settlement Act.[5] Nevertheless, the ALJ also found that the issue of whether a viatical settlement was a security requiring registration was not settled. Applying the definition of “investment contract” set forth in Securities & Exchange Commission v. W.J. Howey Co., 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946), the ALJ concluded that the viatical settlements McCloskey sold constituted investment contracts, which, pursuant to section 517.021(19)(q), Florida Statutes (2003), were listed as securities.[6] The ALJ then relied on Kligfeld v. State, Office of Financial Regulation, 876 So.2d 36 (Fla. 4th DCA 2004), which held that chapter 626 did not expressly preempt chapter 517, to determine that viatical settlements were investment contracts requiring registration. The ALJ further relied on the fact that in 2005, the Legislature amended chapter 517 to include viatical settlements in the list of transactions which constitute a security[7] and chapter 626 to provide a grace period to sell unregistered securi *444 ties.[8]
However, the ALJ’s reliance on Kligfeld and the amendments is misplaced. McCloskey sold the viatical settlements prior to both the June 2004 Kligfeld ruling and the Legislature’s 2005 statutory amendments. Based on the law in effect at the time the viatical settlements were sold, they were not securities that required registration. Even if the -viatical settlements constituted investment contracts under the Howey definition, the regulation of viatical settlements as securities was not settled until 2005. In addition, the Legislature enacted a grace period to allow individuals to conclude all -viatical settlement sales in progress that were not registered pursuant to chapter 517.
Where a statute imposes sanctions and penalties in the nature of denial or revocation of a license to practice for violating its proscriptions, such a statute “must be strictly construed and no conduct is to be regarded as included within it that is not reasonably proscribed by it. Furthermore, if there are any ambiguities included such must be construed in favor of the applicant or licensee.” Lester v. Dep’t of Prof'l & Occupational Regulations, 348 So.2d 923, 925 (Fla. 1st DCA 1977). Construing the statute in favor of McCloskey, based on the law in effect at the time the viatical settlements were sold, McCloskey did not sell unregistered securities that were required to be registered pursuant to chapter 517, in violation of section 626.611(16). Consequently, McCloskey did not demonstrate a lack of fitness or trustworthiness to engage in the business of insurance in violation of section 626.611(7). Given the plain meaning of the law, since all of the viatical settlements at issue here were sold prior to the grace period, there is no record evidence that McCloskey violated the law. Accordingly, we reverse the final order and remand to the Department for dismissal of the complaint.
REVERSED and REMANDED.
SAWAYA and PALMER, JJ., concur.

.A viatical settlement has been described as follows:
In the typical viatical settlement, a terminally-ill policyholder, known as a viator, sells the right to receive the proceeds of his or her life insurance policy to an investor usually through a viatical settlement provider. The viator is paid an amount equal to the discounted value of the death benefits under the insurance policy, which funds are usually required to provide for the viator’s medical and living expenses. The investor is responsible for the payment of the premiums under the policy. The investor obtains a return based upon the difference between the death benefits ultimately paid under the policy and the discounted amount paid to the viator, less the costs of any premiums and administrative fees paid by the investor. The viatical settlement company receives a fee or commission depending upon the structure of the transaction.
Accelerated Benefits Corp. v. Dep’t of Ins., 813 So.2d 117, 118-19 (Fla. 1st DCA 2002).

. Section 626.611, Florida Statutes (2003), provides:
The department shall deny an application for, suspend, revoke, or refuse to renew or continue the license or appointment of any applicant, agent, title agency, adjuster, customer representative, service representative, or managing general agent, and it shall suspend or revoke the eligibility to hold a license or appointment of any such person, if it finds that as to the applicant, licensee, or appointee any one or more of the following applicable grounds exist:
[[Image here]]
(16) Sale of an unregistered security that was required to be registered, pursuant to chapter 517.

. Section 626.611(7), Florida Statutes (2003), provides for the suspension of an insurance agent's license based on "[djemonstrated lack of fitness or trustworthiness to engage in the business of insurance.”

. This department is now known as the Office of Financial Regulation.

. §§ 626.991-.99295, Fla. Stat.

. Florida courts have adopted the definition of "investment contract” set forth in Howey. See Farag v. Nat'l Databank Subscriptions, Inc., 448 So.2d 1098, 1100-01 (Fla. 2d DCA 1984) ("First, there must be an investment of money; second, the investment must be in a common enterprise; and third, there must be an expectation of profits to be derived solely from the efforts of another.”).

.See Ch. 2005-237, § 1, at 2165, Laws of Fla.

. See Ch. 2005-237, § 32, at 2186-87, Laws of Fla.
Any person who, on July 1, 2005, is effectuating a viatical settlement purchase agreement made before July 1, 2005, under provisions of law in effect before such date, which viatical settlement purchase agreement was not registered pursuant to chapter 517, must proceed within 30 days after July 1, 2005, to conclude all viatical settlement purchase transactions in progress....
(Emphasis added).