BERGER, J.
William McCloskey appeals a final order issued by an administrative law judge (“ALJ”) denying his application to collect attorney’s fees from the Department of Financial Services (“DFS”) under section 57.111, Florida Statutes (2011). McClos-key, as the prevailing small business party in the underlying licensing enforcement action, argues that he was entitled to fees because DFS failed to establish, through competent, substantial evidence, a substantial justification to file the administrative complaint against him. We agree and reverse.
McCloskey is the sole proprietor of a general insurance agency in Melbourne, Florida. In 2003 and 2004, he held life, health, property, casualty, and variable annuity licenses in Florida. In late 2003, McCloskey began selling viatical settlement purchase agreements (“viaticáis”).[1] He was informed by his principal, Mutual *975 Benefits Corporation, that viaticáis were an insurance product. McCloskey called the agency regulating insurance in Florida, now known as the Office of Insurance Regulation (“OIR”), and was told that viaticáis were regulated as insurance. Using forms that were approved by OIR, McCloskey sold three viaticáis in December 2003 and March 2004.
On June 7, 2011, DFS filed a three-count administrative complaint, alleging, among other things, that McCloskey sold unregistered securities, which DFS believed were required to be registered under chapter 517, Florida Statutes (2003), namely, viati-cáis, without a securities license, in violation of section 626.611(16), Florida Statutes (2003). After a formal hearing, the ALJ determined that McCloskey sold viat-icáis without the required license and recommended a six-month suspension of his insurance licenses. This court reversed the ALJ’s order after determining that McCloskey sold viaticáis before case law considered them securities and before the Legislature enacted the 2005 statutory amendments, which explicitly classified them as securities. McCloskey, 115 So.3d 441, 444 (Fla. 5th DCA 2013). Specifically, we held:
Construing the statute in favor of McCloskey, based on the law in effect at the time the viatical settlements were sold, McCloskey did not sell unregistered securities that were required to be registered pursuant to chapter 517, in violation of section 626.611(16). Consequently, McCloskey did not demonstrate a lack of fitness or trustworthiness to engage in the business of insurance in violation of section 626.611(7). Given the plain meaning of the law, since all of the viatical settlements at issue here were sold prior to the grace period, there is no record evidence that McClos-key violated the law. Accordingly, we reverse the final order and remand to the Department for dismissal of the complaint.
Id. Thereafter, McCloskey petitioned for attorney’s fees as the prevailing small business party in the underlying action, pursuant to section 57.111, Florida Statutes (2011). He asserted he was entitled to fees because DFS’s licensing enforcement action against him was not substantially justified at the time it was filed. After a formal hearing, the ALJ denied McCloskey’s request for fees, holding that:
At the time the Respondent commenced prosecution of the disciplinary case, the existing case law (which is set forth in the Respondent’s Proposed Final Order and not restated herein) supported the Respondent’s determination that the products being sold by the Petitioner were securities that were not properly registered for sale in Florida and that such registration was required by law. Accordingly, there was a reasonable basis in law to prosecute the Administrative Complaint against the Petitioner for the sale of the products.
The Petitioner has asserted that the Respondent lacked a reasonable basis in fact to prosecute the Administrative Complaint. In the disciplinary case, the ALJ found that the product sales cited in the Administrative Complaint had occurred. Those findings have not been disturbed by any subsequent review of the Recommended Order.
This appeal followed.
This Court’s review of the ALJ’s final order denying McCloskey’s application for attorney’s fees is controlled by sections 57.111(4)(d) and 120.68, Florida Statutes (2014). The Florida Equal Access to Justice Act (FEAJA), section 57.111, Florida Statutes, provides in pertinent part:
Unless otherwise provided by law, an award of attorney’s fees and costs shall be made to a prevailing small business *976 party in any adjudicatory proceeding or administrative proceeding pursuant to chapter 120 initiated by a state agency, unless the actions of the agency were substantially justified or special circumstances exist which would make the award unjust.
§ 57.111(4)(a), Fla. Stat. (2011). Any award of reasonable and necessary attorney’s fees and costs under the FEAJA may not exceed $50,000.[2] § 57.Ill (4)(d)(2), Fla. Stat. (2011).
It is undisputed that McCloskey is a small business party and was the prevailing party in the underlying case. Thus, McCloskey is entitled to an award of attorney’s fees unless DFS establishes that its filing of the administrative complaint against McCloskey was substantially justified at the time it was filed. See Dep’t of HRS v. S. Beach Pharmacy, Inc., 635 So.2d 117, 122 (Fla. 1st DCA 1994) (“[Ojnce a prevailing small business party proves that it qualifies as such under section 57.111, the agency that initiated the main or underlying proceeding has the burden to show substantial justification or special circumstances, in order to avoid liability for fees and costs.” (citations omitted)).
An agency action is substantially justified if there is: 1) a reasonable basis in law; 2) a reasonable basis in fact; and 3) the reasonable basis, in both law and fact, existed at the time the administrative complaint was filed. See § 57.111(3)(e), Fla. Stat. (2011); Ag. for Health Care Admin. v. MVP Health, Inc., 74 So.3d 1141, 1143 (Fla. 1st DCA 2011); Dep’t of Health v. Thomas, 890 So.2d 400, 401 (Fla. 1st DCA 2004). For an action to be substantially justified “the government must have a solid though not necessarily correct basis in fact and law for the position that it took in this action.” Casa Febe Ret. Home, Inc. v. Ag. for Health Care Admin., 892 So.2d 1103, 1105 (Fla. 2d DCA 2004) (emphasis omitted) (quoting McDonald v. Schweiker, 726 F.2d 311, 316 (7th Cir.1983)). Substantial justification must exist at the time the agency initiates the action as “[subsequent discoveries do not vitiate the reasonableness of the actions of the [agency] at the time they made their probable cause determinations.” Dep’t of Health v. Cralle, 852 So.2d 930, 933 (Fla. 1st DCA 2003) (citing Ag. for Health Care Admin. v. Gonzalez, 657 So.2d 56 (Fla. 1st DCA 1995)).
Moreover, the agency cannot establish substantial justification merely by showing that the action was not frivolous, because- “while governmental action may not be so unfounded as to be frivolous, it may nonetheless be based on such an unsteady foundation factually and legally as not to be substantially justified.” MVP Health, Inc., 74 So.3d at 1143-44 (quoting Dep’t of HRS v. S.G., 613 So.2d 1380, 1386 (Fla. 1st DCA 1993)). Such is the case here as it relates to DFS’s legal foundation for filing the administrative complaint.[3]
Between March 2004, when McCloskey sold the last viatical at issue in this case, *977 and June 7, 2011, when the administrative complaint was filed, the law regarding vi-aticáis underwent significant changes. In particular, the Legislature passed chapter 2005-237, section 1, Laws of Florida, effective July 1, 2005, that defined viaticáis as securities and began regulating them as such. § 517.021(21)(w), Fla. Stat. (2005). The new law included a thirty-day grace period for individuals with life insurance licenses to complete any pending viatical transactions. Ch. 2005-237, § 32, Laws of Fla. (codified at § 626.99295, Fla. Stat. (2005)). Prior to July 1, 2005, viatical settlements and viaticáis were regulated as insurance. See § 626.99245(4), Fla. Stat. (2004), repealed by ch. 2005-237, § 24, Laws of Fla.; Robin Hood Grp., Inc. v. Office of Ins. Reg., 885 So.2d 393, 394-95 (Fla. 4th DCA 2004); Accelerated Benefits Carp., 813 So.2d 117, 118 (Fla. 1st DCA 2002). In amendments adopted by the Legislature, effective July 1, 2004, viaticáis were regulated exclusively as insurance until the 2005 legislative amendments defined them as securities. Ch. 2004-390, § 78, Laws of Fla. (codified at § 626.99245(4), Fla. Stat. (2004)).
Despite the fact that viaticáis were not regulated as securities in Florida until July 1, 2005, DFS maintains it had a reasonable basis in law to file the administrative complaint. Relying on Kligfeld v. Office of Fin. Reg., 876 So.2d 36 (Fla. 4th DCA 2004), DFS argues that viaticáis were also subject to regulation as securities under chapter 517, Florida Statutes (2003).
However, in construing the federal Equal Access to’Justice Act[4] (EAJA), the United States Supreme Court has observed that an agency’s reliance on case law does not automatically provide a substantial justification for agency actions. See Pierce v. Underwood, 487 U.S. 552, 569, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). In Pierce, the Court observed that:
Both parties rely upon the objective indicia consisting of the views expressed by other courts on the merits’ of the Government’s position. Obviously, the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified. Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose. Nevertheless, a string of losses can be indicative; and even more so a string of successes. Once again, however, we cannot say that this category of objective indicia is enough to decide the present case.
Id. Whether DFS’s reliance on Kligfeld constituted a reasonable basis in law to file the administrative complaint against McCloskey, under the FEAJA, depends on the circumstances surrounding the holding in Kligfeld, the applicable statutes, and the facts of the present case.
The sole issue in Kligfeld was whether chapter 626, Florida Statutes, known as the Viatical Settlement Act, preempted chapter 517, Florida Statutes, known as the Florida Securities- and Investors Protection Act. 876 So.2d at 38. Finding it did not, the Fourth District affirmed the ALJ’s order determining that the appellants acted as unregistered securities dealers and sold unregistered securities in vio *978 lation of chapter 517, Florida Statutes. Id. The issue of whether a viatical was an investment contract subject to regulation under chapter 517 was not litigated in Kligfeld,[5] despite existing case law holding otherwise. See SEC v. Life Partners, Inc., 87 F.3d 536, 548 (D.C.Cir.1996) (holding viaticáis were not securities using the Howey test[6] because life expectancy of the viator does not depend on the efforts of others).[7] Regardless, DFS’s reliance on Kligfeld does not control the outcome of this case because it was decided before the 2004 and 2005 legislative amendments became law.[8]
Indeed, by the time the administrative complaint was filed in June 2011, DFS had knowledge of the 2004 and 2005 legislative amendments. As such, DFS should have been aware of the thirty-day grace period enacted into law by the 2005 legislative amendments. § 626.99295, Fla. Stat. (2005). Nevertheless, in response to an interrogatory, contained in the record, DFS admitted it did not, at any time, research or conduct any analysis on the grace period or its applicability. We find this lack of research significant because the grace period provided in section 626.99295 implies a legislative intent not to retroactively apply securities rules to viati-cáis that were closed or pending before July 1, 2005.[9] See McCloskey, 115 So.3d at 444. When DFS filed the administrative complaint on June 7, 2011, sections 626.99295, Florida Statutes (2005), and 626.99245(4), Florida Statutes (2004), had been readily available for review for six years. For an action to have a reasonable basis in law, “an agency must, at the very least, have a working knowledge of the applicable statutes under which it is proceeding.” Helmy, 707 So.2d at 370 (reversing an order denying attorney’s fees where members of the probable cause board did not consider or have an awareness of the statutory definition of “supervision” in the veterinary context). We find DFS’s lack of knowledge of the grace period in the statute and its implications unreasonable. See id. at 370.
Furthermore, to the extent there was uncertainty in the law, DFS should have construed any ambiguity in the legal status *979 of viaticáis in favor of McCloskey. See Beckett v. Dep’t of Fin. Servs., 982 So.2d 94, 100 (Fla. 1st DCA 2008) (citing Capital Nat’l Fin. Corp. v. Dep’t of Ins. & Treasurer, 690 So.2d 1335, 1337 (Fla. 3d DCA 1997)) (noting that agencies are not permitted to extend the requirements of penal licensing statutes by construction); Lester v. Dep’t of Prof'l & Occ. Reg., 348 So.2d 923, 925 (Fla. 1st DCA 1977) (citing the general rule that penal statutes must be strictly construed and determining that ambiguities in a statute that imposes sanctions and penalties in the nature of a denial of a license or suspension from practice must be construed in favor of the applicant or licensee). Instead, DFS ignored contrary authorities and relied solely on case law supporting its own interpretation of the securities statutes it administers. However, DFS’s reliance on case law decided after McCloskey sold the viaticáis at issue in this case cannot form a reasonable basis in law for filing the administrative complaint.
Therefore, we conclude that DFS did not have a reasonable basis in law to file the administrative complaint against McCloskey on June 7, 2011 and, as such, DFS failed to carry its burden of showing substantial justification.[10] Accordingly, pursuant to section 120.68(6)(a) Florida Statutes (2014), we reverse the final order denying attorney’s fees and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
PALMER and COHEN, JJ., concur.

. The term "viatical" can refer to both viatical settlements and viatical settlement purchase agreements. See McCloskey v. Dep’t of Fin. Servs., 115 So.3d 441, 442 (Fla. 5th DCA 2013). A viatical settlement is the agreement between the terminally ill viator and the viatical settlement provider. § 626.9911(4), Fla. Stat. (2004). A viatical settlement purchase agreement was the agreement between the viatical settlement provider and the viatical settlement purchaser or investor. § 626.9911(8), Fla. Stat. (2004), repealed by ch. 2005-237, § 14, Laws of Fla. Viatical settlement purchase agreements are currently known as viatical settlement investments. Ch. 2005-237, § 14 (codified as § 626.9911(11), Fla. Stat. (2005)). As McCloskey was involved only in the latter transaction, all references to "viaticáis” in this opinion refer to viatical settlement purchase agreements.

. The parties have stipulated that an award of up to $50,000 in attorney’s fees to McCloskey would be reasonable.

. The record establishes, through DFS’s four composite exhibits that were admitted into evidence without objection, that McCloskey sold viaticáis in December 2003 and March 2004. Accordingly, we conclude competent, substantial evidence exists to support the conclusion that DFS had a reasonable basis in fact to file the administrative complaint. Furthermore, an agency has a reasonable basis in fact to prosecute when the decision turns on a credibility analysis. See Thomas, 890 So.2d at 401. Credibility issues arising after the administrative complaint was filed are not relevant to this analysis. See Cralle, 852 So.2d at 933. However, a reasonable basis in fact alone is not sufficient for DFS to show it was substantially justified.

. The Legislature modeled the FEAJA on the federal EAJA. 5 U.S.C. § 504 (2012); 28 U.S.C. § 2412 (2012); Gentele v. Dep’t of Prof'l Reg., 513 So.2d 672, 673 (Fla. 1st DCA 1987). The FEAJA takes the same statutory construction as the federal EAJA. Gentele, 513 So.2d at 673 (citing Pasco Cty. Sch. Bd. v. Pub. Empls. Rels. Comm’n, 353 So.2d 108, 116 (Fla. 1st DCA 1977)).

. The appellants in Kligfeld conceded that the viaticáis at issue in the appeal were investment contracts and thus constituted securities ordinarily regulated under chapter 517. 876 So.2d at 38.

. SEC v. W.J. Howey Co., 328 U.S. 293, 298-99, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946) (holding investment contracts are securities and determining an investment contract involves: 1) an investment of money; 2) a common enterprise; and 3) expectations of profits to be derived solely from the efforts of another).

. Although the holding in Life Partners has been criticized by other courts, this criticism did not begin in state and federal courts in Florida until June 2004. See SEC v. Mut. Benefits, Corp., 323 F.Supp.2d 1337, 1338-39 (S.D.Fla.2004), aff'd, 408 F.3d 737 (11th Cir.2005).

. Kligfeld was decided on June 2, 2004. Notably, McCloskey sold his last viatical on March 8, 2004.

. Furthermore, as a general rule, if a new statute "impairs vested rights, creates new obligations, or imposes new penalties” it will not apply retroactively. Miles v. Weingrad, 164 So.3d 1208, 1213 (Fla.2015) (quoting State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So.2d 55, 61 (Fla.1995)). When viaticáis were redefined as securities on July 1, 2005, see Ch. 2005-237, §§ 1, 11, 14, Laws of Fla. (codified at §§ 517.021(21)(w), 626.611(17), 626.9911(11), Fla. Stat. (2005)), a securities license was required to sell them and they had to be registered as securities, meaning that securities law penalties now also applied. §§ 517.07, 517.12, 626.611(16), (17), Fla. Stat. (2005). As such, the reclassification of viaticáis as securities created new obligations and imposed new penalties. § 517.021(21)(w), Fla. Stat. (2005).

. To the extent that the ALJ decided a reasonable basis in law could exist based on the state of the law when the administrative complaint was filed without any reference to what the law was when McCloskey actually sold the viaticáis, the ALJ’s final order is contrary to our prior decision in McCloskey, 115 So.3d at 444.